## Post *versus* Wallace.

1. A claim for services as an attorney is not within the Affidavit of Defence Rule of the Court of Common Pleas of McKean county, and a judgment entered on such a claim for want of an affidavit of defence will be reversed and set aside.

2. Where a court, upon a motion to strike off a judgment, refuses to do so, but opens the judgment with terms, the defendant, by going to trial, does not deprive himself of his right to a writ of error for the refusal to strike off the judgment.

3. Breden *v.* Gilliland, 17 P. F. S. 34, distinguished.

May 11th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *McKean county:* Of July Term 1884, No. 141.

Assumpsit, by J. K. Wallace against Joseph Post to recover for professional services as an attorney-at-law.

On March 24th, 1883, plaintiff filed a narr. consisting of the common counts, and on the same day filed a statement of claim for professional services as an attorney-at-law. No appearance was entered for defendant, and on April 18, 1883, plaintiff had judgment entered for the amount of the claim filed for want of an affidavit of defence, under the Rule of Court, which is as follows:—

Rule XIV., Sec. 9. "In all actions on bills, notes, bonds or other instruments of writing for the payment of money, or book accounts, on contracts for the loan or advance of money, whether in writing or not; in actions of scire facias on mortgages, judgments and liens of mechanics and material men, it shall be lawful for the plaintiff at any time after the expiration of twenty days from the return day of the writ to enter judgment by default. A declaration or statement first having been filed, unless the defendant shall previously have filed an affidavit of defence stating the nature and character of the same; *Provided,* That no judgment shall be entered by virtue of the rule unless the plaintiff shall, on or before the return day of the writ, file in the office of the Prothonotary a copy of the instrument in writing, *book entries,* record or claim, except mortgages and judgments on which action has been brought.

Sec. 9. "All judgments by default, under any rule of court or for want of an appearance, may be entered as of course by præcipe filed with the Prothonotary."

[Post *v.* Wallace.]

It appeared tnat on May 4th, 1883, defendant filed an affidavit of defence, denying that he was in any way liable to plaintiff, and also entered a rule to show cause why the judgment in this case should not be opened and the defendant let into a defence. Subsequently, on May 28th, a motion was made to strike off the judgment for the reasons: (1) No appearance being entered for the defendant, judgment should not have been taken for want of an affidavit of defence. (2) The claim filed was not such as entitled plaintiff to judgment for want of an affidavit of defence. This rule was indorsed by the Prothonotary: "Rule to show cause why judgment should not be opened." On November 15th, 1883, the court, OLMSTED, P. J., after argument entered the following order: "And now this rule discharged, but the judgment in this case opened and the defendant permitted to make defence; the judgment in this case to stand as the plaintiff's declaration, and the defendant to plead payment; proceedings on this case for collection to stay in mean time." In accordance with this order, defendant pleaded payment.

On the trial, before TAYLOR, P. J., of Venango County, the court, in interpreting the above order, decided that the defendant could not go into the merits of plaintiff's claim, but that he could only show what payments he had made on the claim, and accordingly the evidence offered by defendant to prove that some of the services charged for by plaintiff had never been rendered, and that they were not worth the sum charged, was rejected. (Fourth and fifth assignments of error.)

The court charged the jury, inter alia, as follows: "You have nothing to do as to the original consideration of this judgment. It is assumed that the services were rendered, and at that time there was this amount due the plaintiff from the defendant. The simple question before you is, have there been any payments made upon that since that time, and if so, how much?"

Verdict for the plaintiff for $790.37, and judgment thereon. Defendant took this writ, assigning for error: (1) The entry of the original judgment. (2) The refusal to strike it off. (3) The order of the court, opening the judgment. (4 and 5) The ruling of the judge at the trial; and (6) The portion of the charge above quoted.

*F. L. Blackmarr* and *A. Leo Weil,* for tne plaintiff in error. The judgment should have been set aside. It was entered improperly, and was wholly unauthorized; no affidavit of defence was required, and the defendant was in no default. There was nothing on which to sustain a judgment, and

[Post *v.* Wallace.]

therefore the motion to set aside was not addressed to the discretion of the court, but the defendant was entitled to have it set aside or struck off as a question of law: Knox *v.* Flack, 10 Har., 339; Dewart *v.* Masser, 4 Wright, 302; Ely *v.* Wren, 9 Nor., 152; Com'th *v.* Hoffman, 24 P. F. S. 111.

While a defendant is not entitled to a writ of error to an order of the court opening or refusing to open a judgment (Insurance Co. *v.* Hartshorne, 3 Norris, 455), yet opening a judgment on terms and discharging a rule to set aside the judgment, if the defendant was entitled to have the judgment set aside, would be error, as it would in effect be imposing terms without authority. A motion to strike off or set aside a judgment rests upon questions of law, is not a matter of discretion with the court, is not addressed to its equitable power, but should be decided from the record. The court has therefore no power to impose terms on such a motion. The acquiescence by defendant in an order which he had no power to correct in the Supreme Court, would not, we submit, be an abandonment of the right to a writ of error on the prior order refusing to strike off the judgment to which he would have had a right to a writ of error.

*Thomas A. Morrison* (*John N. Apple* with him), for defendant in error.—The defendant below, by pleading to and trying the issue framed by the court, waived his right to assign error here for refusal to strike off the judgment: Breden *v.* Gilliland, 17 P. F. S. 34. The court had full power to impose terms on opening the judgment, and the learned Judge who tried the case did not err in enforcing the terms and restraining the evidence accordingly: McMurray's Heirs *v.* City of Erie, 9 P. F. S. 223; Gilliland *v.* Breden, 13 P. F. S. 393.

Mr. Justice GREEN delivered the opinion of the court, June 6th, 1885.

The judgment entered in this case was for want of an affidavit of defence. The record undoubtedly shows that a motion was made to strike off the judgment, thus: " And now, May 28th, 1883, defendant by attorney moves the court to strike off the judgment taken in default in this case for the reasons: 1st. Defendant had entered no appearance, hence plaintiff was not entitled to an affidavit of defence, and could not take judgment for want of an affidavit of defence. 2d. The plaintiff's declaration is not such that plaintiff was entitled to judgment by default for want of appearance or affidavit of defence." There was also a rule to open the judgment and

let the defendant into a defence appearing on the record, but it is alleged that this was a mistaken entry by the prothonotary. Whether that be so or not is not very material, because the motion to strike off was certainly made and was subsequently refused, while, in point of fact, the judgment was opened. It is true, the defendant went to trial, but he was excluded from a trial on the merits which his petition disclosed, by the ruling of the court that he could not go behind the judgment, but could only prove payment. While it may possibly be that the defendant could have taken a writ of error to the refusal of the court to strike off the judgment, we know of no reason for holding that he waived the right to take advantage of the error by going to trial under the order opening the judgment. The refusal to strike off the judgment was a part of the action of the court in the course of the proceeding. As the judgment was opened at the same time it was not final action closing the proceeding. Had the judgment not been opened, the case would have been ended in the court below, and the defendant would then have been obliged to submit or take his writ of error. But he was not subjected to that alternative. He had a right to go to trial on the merits, and may very well have supposed that on the trial the merits disclosed in his petition would be heard. That is the usual course when judgments are opened, and unless that course is adopted, where the right to have judgment at all is attacked, as in this case, it is not easy to see why the order opening the judgment should be made. Upon the petition in this case, we do not think that conditions should have been imposed by which the judgment should stand, and the defendant be permitted only to prove that he had paid it. His defence to it was that he did not owe any part of it, and that no judgment for any sum should ever have been entered against him. To open the judgment upon such a petition, and yet deny to the defendant the right to prove the facts set out in the petition, and thereby disprove 'the plaintiff's right to have any judgment, was only a mockery and a delusion. It is possible that the learned judge who made the order did not so intend it. But having been made, we cannot say that the learned judge who tried the case was wrong in his interpretation of it.

The defendant, however, is not without remedy. He had asked for a more radical redress, and if he was entitled to it he is not to be deprived of it merely because he accepted the opportunity of reaching the same result in the modified form which was offered to him. In Ringwalt *v.* Brindle, 9 P. F. S. 51, where the application was to open the judgment, we allowed an assignment of error to be filed here, averring that

[Post v. Wallace.]

the judgment was irregularly entered in the court below, and reversed the judgment on that ground, although no application to strike off had been made in the Common Pleas, and all the assignments of error first filed were disallowed because they related to a refusal to open the judgment only. The case of Breden v. Gilliland, 17 P. F. S. 34, does not decide, as is claimed for the defendant in error, that error in refusing to strike off is waived by the defendant in the judgment by trying the issue under an order to open. On the contrary, in that case the judgment in the court below was stricken off, which, being final, gave the plaintiff a right to a writ of error. But he did not avail himself of it, and went on and tried the case under the order to open. This was his voluntary act, and, having assented to the opening of his judgment and tried the case on its merits, of course he was too late to allege error in this court, in the order to strike off. In the case of Bradley v. Commonwealth, 7 Cas., 522, a judgment was opened on condition that it be tried on the merits. The action was on an administration bond signed by one surety only. The court below refused permission to defend on that ground, because the case was to be tried only on the merits; but we reversed the judgment on the ground that if the law requires two sureties the bond was illegal and the judgment by default was invalid. Lowrie, C. J., said: " The defendant below had a right to a writ of error on the judgment by default, and we cannot regard him as abandoning the main principle on which he would expect a reversal and a judgment in his favor in order to accept a new trial that excludes it."

In the present case the plaintiff's claim was for professional services rendered as an attorney-at-law to the defendant. There was no book account, and no bill, note, bond or other instrument of writing for the payment of money against the defendant, and of course the claim did not come within the rule of court authorizing judgments for want of an affidavit of defence. This being so, the defendant was not required to file an affidavit of defence in order to prevent judgment, and the plaintiff had no right to a judgment for want of such affidavit. It is manifest, therefore, upon the face of the record, that the judgment entered in the court below was irregular and illegal, and should have been stricken off on the defendant's motion. We held, in Commonwealth v. Hoffman, 24 P. F. S., on p. 111, that, "Wherever upon the face of the record there appears no ground for a lawful judgment, the Court of Errors will reverse." This was said as to a judgment for want of an affidavit of defence, in a case where it was not authorized by the rules, and other authorities to the

same effect were collected. See, also, Gottman *v.* Shoemaker, 5 Norr. 31. The assignments of error are all sustained.

> The judgment entered on the verdict in this case is reversed and record remitted. And it is further ordered that the original judgment entered for want of an affidavit of defence be reversed and set aside, and procedendo awarded.