## Pasco Rural Lighting Company v. Roland et al., Appellants. (No. 1)

*Judgments—Opening—Irregularity—Waiver.*

One who moves to open a judgment and invites an inquiry into a defense upon the merits, will be held to have waived any mere irregularity in the entry of the judgment.

*Judgments—Entry before maturity of note—Joint judgments—Principal and surety—Entry of joint judgment on separate promises—Effect.*

The entry of a judgment before the maturity of the note which authorizes the entry thereof after maturity, is an irregularity which renders the judgment voidable only, and does not render it absolutely void.

Where a judgment note has endorsed upon it a guaranty of payment and a warrant of attorney to confess judgment against the grantor, the payee of the note cannot enter a joint judgment against the maker and the endorser on the two separate confessions.

In such a case the promises of the maker and the guarantor are separate and distinct and do not constitute them jointly liable for the same debt.

A judgment so entered is not merely irregular; it is void and cannot be cured by waiver or amendment.

- Argued March 12, 1926.  Appeal No. 8, March T.,

1926, by defendants, from judgment of C. P. Dauphin County, June T., 1923, No. 862, in the case of Pasco Rural Lighting Company, now for the use of the Commonwealth Trust Company, v. Basil M. Roland, Mrs. Basil M. Roland and Pasco Rural Lighting Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Petition to open and strike off joint judgment entered by confession against principal and surety. Before Fox, J.

The facts are stated in the opinion of the Superior Court.

Rule to open made absolute. Rule to strike off discharged. Both Plaintiff and Defendants appealed.

*Error assigned* by plaintiff. Among others, was opening of the judgment.

*Error assigned* by defendant was the discharging of the rule to vacate and strike off the judgment.

*Maurice R. Metzger,* of *Metzger & Wickersham,* for appellants.

*John McI. Smith,* for appellees.

OPINION BY GAWTHROP, J., April 30, 1926:

This appeal and another between the same parties were argued together. Each rests upon a separate order of the court below. In this opinion we shall state the material facts and indicate our disposition of each appeal.

On December 7, 1922, Basil M. Roland and his wife, both as principals, executed and delivered to the Pasco Rural Lighting Company, hereinafter called the Lighting Company, a written order for a lighting plant at the price of three hundred and thirty dollars, the fixtures

and appliances for the same to be shipped ''f. o. b. factory.'' The order concluded with a promise to pay the price named at a designated place one year after the date of the instrument, and contained a warrant of attorney to enter judgment against the Rolands for the above sum, if not paid at maturity. On December 2, 1922, the Lighting Company transferred this instrument to the Commonwealth Trust Company, by endorsing it as follows: ''For value received, I hereby transfer all my rights in the within note to Commonwealth Trust Company, Harrisburg, Penna., and each of us whose name is appended hereto become responsible to the holder as surety for the payment thereof, and consent to its condition, hereby confessing judgment, waiving protest, demand and notice of non payment. Pasco Rural Lht. Co. R. W. Powell, Pres., E. U. Schaeffer, Gen. Mgr., E. P. Hammer, Vice Pres.'' On August 24, 1923, the Trust Company caused this instrument to be filed with the prothonotary of the court below and judgment to be entered against the Rolands and the Lighting Company jointly by confession, upon the authority severally conferred by the warrant of attorney in the note and the confession of judgment signed by endorser. On February 18, 1924, the Rolands presented their petition to the court below, praying that the judgment should be opened as to them. A rule to show cause was granted, and before the same was disposed of the Rolands presented a petition to strike off the judgment as to them, on the ground that the judgment was entered before the date of maturity of the note, in violation of the warrant of attorney therein, which provided for the entry of judgment if the note was not paid at maturity. On April 13, 1925, both rules were discharged. On June 3, 1925, the Rolands presented a petition to the court below to set aside the order discharging the rule to open the judgment, and to reinstate said rule. Thereupon, the court made an order reinstating the original rule, to open, and after the

taking of additional testimony, made absolute the rule to open. The Commonwealth Trust Company has appealed from the order opening the judgment. The Rolands have appealed from the order discharging the rule to strike off the judgment.

The court below grounded its refusal to strike off the judgment on the principle announced in Treasurer of Division No. 168 v. Keller, 23 Pa. Superior Ct. 135, and kindred cases, that one who moves to open a judgment and invites an inquiry into a defense upon the merits must be held to have waived any mere irregularity of procedure in the entry of the judgment. We held in Osterhout v. Briggs, 37 Pa. Superior Ct. 169, that the entry of a judgment before the maturity of a note which authorizes the entry thereof after maturity is an irregularity which renders the judgment voidable only, and does not render it absolutely void. If there were no other defect in this judgment, the action of the court below in discharging the rule, to strike off, could not be made the subject of any just complaint, but there appears on the face of the record the fact that a joint judgment was entered against the makers and the indorsers of the note. We held in H. S. Blatt Co. v. McCarthy, 54 Pa. Superior Ct. 463, that where a judgment note has endorsed upon it a guaranty of payment of the note and a warrant of attorney to confess judgment against the guarantor, the payee of the note cannot enter a joint judgment against the maker and the indorser on the two separate confessions, because the promises of the maker and the guarantor are separate and distinct and do not constitute them jointly liable for the same debt. The debt evidenced by the note was, and remained, the obligation of the Rolands. The liability of the indorser, the Pasco Rural Lighting Company, arose out of the same debt, but on a different undertaking. If neither of the several obligations contained a warrant of attorney to enter judgment, it would hardly be contended that the

Commonwealth Trust Company could have maintained a joint action against the Rolands and the Lighting Company upon their several and distinct promises to pay. The warrants of attorney in the several instruments did not change the relation in which the parties stood to the debt, nor to each other: H. S. Blatt Co. v. McCarthy, supra. Where the several liabilities of two defendants to a plaintiff are different there is no right to enter a joint judgment against them at any time. The defect in such a judgment could not have been cured by an amendment in the court below. Such a defect strikes much deeper than that which exists where there is merely a premature entry of a judgment which the plaintiff could have entered on a later day. We cannot view the entry of such a joint judgment as a mere irregularity of procedure which can be waived. The defect is fundamental, for the reasons stated, and renders the judgment void. It follows that it was error to refuse to strike it off. As there was no valid judgment, the appeal from the order opening the judgment will have to be dismissed.

The judgment in this appeal is reversed, the rule to strike off the judgment is reinstated, and the judgment entered against the appellants is stricken off.