## Romberger, to use, Appellant, *v.* Romberger et al.

*Judgment — Striking off — Void judgment—Joint judgment on two warrants of attorney to confess—Residence of creditor—Laches —Act of March 31, 1915, P. L. 39.*

1. A void judgment may be stricken off at any time.

2. The right of the prothonotary to enter judgment on a note is statutory and must be strictly construed.

3. A judgment is void which is entered jointly against two individuals upon a separate warrant of attorney executed by each.

4. A suit cannot be maintained jointly against two persons on a judgment note, where the liability of the defendants is several and not joint, one being liable as maker and the other as endorser.

5. No laches can run against a void judgment.

6. Not decided whether a judgment entered on a judgment note is void because the prothonotary entered it without a certificate of the creditor setting forth his precise residence address, as required by the Act of March 31, 1915, P. L. 39.

Argued May 23, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 25, May T., 1927, by plaintiff, from order of C. P. Dauphin Co., Sept. T., 1923, No. 651, striking off judgment, in case of D. W. Romberger to use of First National Bank of Elizabethville v. M. C. Romberger and D. W. Romberger. Affirmed.

Rule to strike off judgment. Before HARGEST, P. J., WICKERSHAM and FOX, JJ.

The opinion of the Supreme Court states the facts.

Rule absolute in opinion by Fox, J. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*Michael E. Stroup,* for appellant.—A judgment entered jointly on a single bill to the same number and term against the maker and payee and assignor of a

note, is merely voidable: Miller v. Glass Works, 172 Pa. 70; Hauer's App., 5 W. & S. 473; Roemer v. Denig, 18 Pa. 482; Cyphert v. McClune, 22 Pa. 195; Littster v. Littster, 151 Pa. 474; Voris v. Smith, 13 S. & R. 334; Lowber & Williams App., 8 W. & S. 387; Drexel's App., 6 Pa. 272; Breading v. Boggs, 20 Pa. 33; Miners Trust Co. v. Roseberry, 81 Pa. 309; Osterhout v. Briggs, 37 Pa. Superior Ct. 169.

*John McI. Smith,* with him *W. S. T. Hurlock, Jr.,* for appellee.—Where a note contains two separate confessions of judgment, one on the face, and one on the back thereof, and an attempt is made to enter a joint judgment against the maker and the payee-assignor (two separate individuals) to the same number and term, as on single bill filed, the judgment so entered is void: Oberlin v. Parry, 287 Pa. 224; Blatt Hardware Co. v. McCarthy, 54 Pa. Superior Ct. 463; Agricultural Trust Co. v. Brubaker & Shaub, 73 Pa. Superior Ct. 468; Pasco Rural L. Co. v. Roland, 88 Pa. Superior Ct. 245.

The failure to file the certificate of residence as required by the Act of March 31, 1915, P. L. 39, is fatal and renders the judgment void.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

M. C. Romberger gave D. W. Romberger a note as follows:

"6,500                                Nov. 19, 1923.

"Thirty days (30) after date, I promise to pay to the order of D. W. Romberger, at the First National Bank of Elizabethville, Pa., Sixty Five Hundred......No/100 Dollars without defaclation or stay of execution, for value received; and do hereby confess judgment for the above sum, with 5 per cent added for collection fees; I hereby waive right of inquisition and appeal, and the benefit of all laws exempting real or personal property from levy and sale.        M. C. Romberger."

On the back of the note the payee made the following endorsement, viz:

"For value received, I do hereby assign the within note to the First National Bank of Elizabethville, Pa., and guarantee the payment of amount thereof at maturity, waiving protest and notice of protest, and do hereby authorize any attorney to appear for and confess judgment against me for said sum with interest and costs of suit, a release of all errors and waiver of inquisition, stay of execution and all exemption laws.

"D. W. Romberger."

Two days after the date of the note, it was handed to the county prothonotary, who entered a single joint judgment thereon in the name of D. W. Romberger, for use of the bank, against both the maker and endorser. Two and one-half years later, D. W. Romberger, the endorser and a defendant, asked to have the judgment as to him stricken off, averring, inter alia, that it was void on its face, being entered jointly against both maker and endorser on separate warrants of attorney. Meantime the endorser had gone through bankruptcy and had there scheduled this judgment among his liabilities; wherefore, it was urged for the use-plaintiff that he (the endorser) had lost the right to challenge its validity, and further that, having been discharged from his liabilities by the bankruptcy proceedings, he had no standing to question the judgment. The trial court, however, made an order striking it off and the use-plaintiff has appealed.

The order was properly made. The right of a prothonotary to enter judgment on a note is statutory and must be strictly construed: Oberlin v. Parry, 287 Pa. 224. The judgment was void on its face as there was no right to enter a judgment against two individuals upon a separate warrant of attorney executed by each. Moreover, as a void judgment, it could be stricken off at any time: Pantall v. Dickey, 123 Pa. 431; Clarion, etc., R. Co. v. Hamilton, 127 Pa. 1; 23 Cyc. 948; and see Bryn

Mawr Bank v. James, 152 Pa. 364. Under similar circumstances, the Superior Court has repeatedly stricken off judgments: Pasco Rural L. Co. v. Roland et al., 88 Pa. Superior Ct. 245; H. S. Blatt Co. v. McCarthy, 54 Pa. Superior Ct. 463; Eddy v. Smiley, 26 Pa. Superior Ct. 318; and see Agricultural T. Co. v. Brubaker & S., 73 Pa. Superior Ct. 468; Myers & Joly v. Freiling, 81 Pa. Superior Ct. 116. Furthermore, the liability of the defendants was several and not joint, one being liable as maker, and the other as endorser. A suit could not be maintained jointly against them on the note: Fawcett v. Fell, 77 Pa. 308.

No laches can run against a void judgment, which is a mere blur on the record and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it. In this view of the case it is immaterial what standing D. W. Romberger had to move in the premises or whether he had any; but, if the judgment were merely irregular, the rule would be otherwise.

The Act of March 31, 1915, P. L. 39, directs the prothonotary not to enter any judgment except upon a certificate of the creditor setting forth his precise residence address, which was not done here; but, as the judgment is otherwise void, we express no opinion as to the effect of its omission.

The order appealed from is affirmed.