## Felger, to use, Appellant, *v.* Jersey Cereal Food Co. et al.

*Judgments—Joint judgments—Confession—Powers of attorney —Maker of note—Payee of note—Assignment of note.*

1. A joint judgment cannot be confessed on two separate warrants of attorney, the first of which authorizes the entry of judgment against the maker of a note, and the second against the payee, who had assigned the note and guaranteed payment to his assignee.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 32, March T., 1928, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1922, No. 1,296, making absolute rule to strike off judgment, in case of John G. Felger, to use of Citizens National Bank of Irwin v. Jersey Cereal Food Company, E. O. Snyder, President; Samuel Konle, Treasurer, and John G. Felger. Affirmed.

Rule to strike off judgment. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.
Rule absolute.   Plaintiff appealed.

*Error assigned* was order, quoting record.

*Carroll Caruthers,* with him *Scott Fink,* for appellant.

*John E. Kunkle* and *Rabe F. Marsh,* for appellee,
were not heard.

PER CURIAM, April 9, 1928:

A joint judgment was confessed on two separate war-
rants of attorney, the first of which authorized the entry
of judgment against the maker of a certain note and the
second a judgment against the payee, who had assigned
the note and guaranteed payment to his assignee.   On
application of the executors of the last mentioned de-
fendant (who died after executing the guaranty and
assignment indorsed on the note), the court below
struck off the judgment as to him, saying, inter alia,
"We are of the opinion that the [holder] of the note
cannot enter a joint judgment against the maker and
the endorser on the two separate confessions, because
the promises of the maker and the guarantor are sep-
arate and distinct and do not constitute them jointly
liable for the same debt."

The above conclusion is sustained by Union Bank of
Nanty-Glo v. Schnabel, 291 Pa. 228; see also Rom-
berger v. Romberger, 290 Pa. 454.

The order appealed from is affirmed.