First Natl. Bk. of Moscow, Pa. *v.* Kendrew et al.

Argued March 8, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*L. D. Savige,* for appellant.

*M. E. Simons* of *Simons & Bodie,* for appellee.

OPINION BY GAWTHROP, J., May 4, 1932:

Ellen Kendrew and Arthur Kendrew made and delivered to the First National Bank of Moscow, Pa., two joint and several promissory notes, one for $1,600 and the other for $700, dated respectively April 4, 1927, and April 21, 1927, payable at said bank and each carrying on its face a confession of judgment. On the back of each note was the following endorsement:

"For value received, I, or we, hereby guarantee the payment of the within note at maturity, to the First National Bank of Moscow, Pa., or bearer, and I, or we, hereby confess judgment for the same with the same right to collect from me or us as the holder hereof would have against the maker or makers

thereof, waiving the stay, exemption and inquisition laws of Pennsylvania, dated .............. 19....

W. T. Kendrew    (SEAL)
F. L. Hartford    (SEAL)
Chester A. Brown.  (SEAL)''

Payment of the notes not being made at maturity plaintiff filed the notes with the prothonotary of the court below on September 26, 1928, with instructions to enter judgment against the makers and the endorsers, and that officer entered a single joint judgment on each note in favor of plaintiff and against both the makers and the endorsers. March 7, 1931, appellant, executor of F. L. Hartford, deceased, who was one of the endorsers, asked to have the judgments as to his decedent stricken off, averring, inter alia, that they were void on their face, because they were entered jointly against both makers and endorsers upon separate confessions of judgment. The court below, however, made orders refusing to strike off the judgments against F. L. Hartford, and these appeals followed. They involve a single question, were argued together and will be disposed of in one opinion.

The orders were erroneous. Each judgment was void on its face as ''there was no right to enter a judgment against two individuals upon a separate warrant of attorney executed by each'': Romberger v. Romberger, 290 Pa. 454. This has been held repeatedly. See Felger v. Jersey Cereal Food Co., 292 Pa. 518; Union Bank of Nanty-Glo v. Schnabel, 291 Pa. 228; Pasco Co. v. Roland, 88 Pa. Superior Ct. 245; H. S. Blatt Co. v. McCarthy, 54 Pa. Superior Ct. 463, and other cases there cited. As between the makers and the endorsers the liability was several and not joint. A suit could not be maintained jointly against them on the note. This is the test: Fawcett v. Fell, 77 Pa. 308. The endorsement, being an agreement to pay the note at maturity, is a contract of suretyship: Lincoln Bank of Erie v. Gem City Wholesale Grocery

Co., 286 Pa. 421. The obligation of a surety is collateral to that of the principal debtor, his liability is secondary, dependent upon the failure of the maker to pay the note at maturity. The terms of the guaranties endorsed on the two instruments did not change the relation in which the guarantors stood to the debt and to the makers: H. S. Blatt Co. v. McCarthy, supra. The words "with the same right to collect from me or us as the holder would have against the maker" merely express the obligation of a surety under the law, do not add anything to its legal effect, and do not make the sureties and the makers joint debtors of the payee. Where the several liabilities of two defendants to a plaintiff are different, there is no right to enter a joint judgment against them at any time: Pasco Co. v. Roland, supra. Lincoln Bank of Erie v. Gem City Wholesale Grocery Co., supra, relied on by the court below, decides nothing to the contrary.

In each case the order is reversed, the rule is reinstated, the judgment against F. L. Hartford is stricken off, and it is ordered that plaintiff pay the costs.