Peoples National Bank of Reynoldsville, to use, *v.*
D. & M. Coal Company et al., Appellants.

.Argued April 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

22

*F. Cortez Bell,* of *Bell & Brockbank,* with him *Alex S. Scribner,* for appellant.

*N. F. Womer,* with him *Smith M. McCreight,* for appellee.

OPINION BY CUNNINGHAM, J., October 9, 1936:

Judgment was entered against the above-named defendants in the court below on May 5, 1926, by direction of the plaintiff's attorney. As his authority he presented a demand note for $1,700 in which D. & M. Coal Company was the maker, and Vail, Kettle, Dinger and O'Hern, the other defendants, were the payees. The note contained a warrant of attorney to confess judgment against the maker. On the reverse side of the note was an assignment to the plaintiff bank and a guarantee of payment of the note, which also contained a confession of judgment signed by all the payees and assignors.

On May 26, 1926, one of the defendants, O'Hern, filed a petition to open the judgment as to him, alleging as his defense that his signature was a forgery. A rule was granted and all proceedings against the petitioner stayed. The plaintiff filed an answer on July 6, 1926, denying the allegations of the petition. No further steps were taken on the rule, nor has any disposition been made of it. By attachment execution proceedings against the maker in 1926 a portion ($1,-015.22) of the debt was collected.

On June 25, 1926, an exemplification of the record of this judgment was entered in Clearfield County. On February 20, 1935, the interest of the plaintiff bank having passed to the present use plaintiff, attachment execution proceedings were instituted in that county against the executors of J. J. O'Hern, who had died on September 8, 1933. They petitioned the Clearfield County court to strike off the judgment as against their

decedent, and also to open it and let them into a defense, assigning various reasons. Taking cognizance of the fact that there was a rule to open the judgment outstanding in Jefferson County, President Judge SMITH of Clearfield County entered the following decree:

"And now, April 12, 1935, in accordance with the opinion filed herewith, the rules to strike off and to open the judgment ...... and the attachment execution ...... are hereby discharged; but further proceedings upon said attachment execution are hereby stayed ...... for a period of sixty days, with leave to the petitioners to apply for an extension ...... upon showing the diligent prosecution of the issues in Jefferson County in the meantime."

Pursuant to the intimations of this decree and the supporting opinion, the O'Hern executors, on April 24, 1935, filed a petition and obtained a rule in Jefferson County, to strike off the judgment as against their decedent because it had been illegally entered. The error alleged was, "That judgment was erroneously confessed against the D. & M. Coal Company and the payees of said note in one confession and to the same number and term whereas the power to confess allegedly shown by said note are separate powers or warrants of attorney." The use plaintiff answered June 5, 1935, contending that O'Hern had waived his right to attack the regularity of the judgment when he filed his petition to open in 1926, and also that he and his executors had been guilty of laches in failing to proceed with that petition. Another, and so far as this proceeding is concerned a collateral, matter averred in the petition and denied in the answer is that at the time of O'Hern's death "there were no judgments of record that were liens against his real property."

On January 4, 1936, the rule to strike off was discharged by President Judge DARR of Jefferson County upon the ground of waiver of the alleged irregularity.

He also held (a) that the "transfer of the judgment to Clearfield County" was not violative of the order of May 26, 1926, staying proceedings during the pendency of the rule to open, and (b) "that the judgment is a lien" on the O'Hern real estate. This appeal followed.

There can be no doubt that it was improper, at least prior to the Act of May 25, 1933, P. L. 1057, 12 PS §151, to enter a joint judgment against the maker and endorsers and guarantors of a promissory note containing separate warrants of attorney to confess judgment, and that this irregularity being apparent upon the face of the record may be attacked by a motion to strike off as to an endorser. *Felger v. Jersey Cereal Food Co. et al.,* 292 Pa. 518, 141 A. 475; *First National Bank of Moscow, Pa. v. Kendrew et al.,* 105 Pa. Superior Ct. 142, 160 A. 227; and other cases infra. It is also true that an application to open a judgment will, in some cases, operate as a waiver of defects in its entry and thus bar a subsequent proceeding to have it stricken off. The distinctions between these respective proceedings and certain aspects of the question of waiver were recently considered by this court in *Rome Sales & Service Station v. Finch,* 120 Pa. Superior Ct. 402, 183 A. 54, in which the converse situation arose. There, after a motion to strike off had been denied the court refused on the ground of waiver to entertain a petition to open.

In reversing that action President Judge KELLER said (p. 405): "Bearing in mind that a rule to strike off judgment is in the nature of a demurrer to the record, *(North & Co. v. Yorke,* 174 Pa. 349, 351, 34 A. 620), while a rule to open judgment is a substitute for a bill in equity (citing cases), we can see the reason for the *converse* of the rule applied by the court below, viz., that one who moves to open a judgment and be let into a defense on the merits will be held to have waived irregularities in the entry of the judgment,

which might have been attacked by a motion to strike off: (citing cases). It is in accord with the rule in litigated cases that a demurrer cannot be filed after plea entered on the merits, and that one who appears and defends cannot afterwards question the validity of the service of process on him: *Altoona Trust Co. v. Fockler,* 311 Pa. 426, 435, 165 A. 740. But there is no sound reason for holding that a defendant who moves to strike off a judgment for irregularity on the face of the record is thereafter precluded from defending on the merits if his attack on the regularity of the judgment is unsuccessful."

The controversy in the case just cited related to the right of the plaintiff, as lessor in a bailment lease, to confess, under the facts there averred, the judgment in question. There was no irregularity apparent upon the face of the record; the defendant sought an inquiry into the merits.

A material question in every case of the kind now at bar is the nature of the alleged irregularity, i. e., whether it consists, for example, merely of a defective service of a writ (as in *Jeannette Borough v. Roehme,* 9 Pa. Superior Ct. 33, affirmed 197 Pa. 230, 47 A. 283), or is a defect which renders the judgment void. *Post v. Wallace,* 110 Pa. 121, 20 A. 409, is an illustration of the class of defects last mentioned. There, the judgment had been taken for want of an affidavit of defense when the plaintiff was not entitled to a judgment upon that ground.

Under all the decisions of both of our appellate courts this joint judgment from the date of its entry has been "void on its face," at least against O'Hern: *Romberger v. Romberger et al.,* 290 Pa. 454, 139 A. 159; *First National Bank of Moscow v. Kendrew,* supra, and cases there cited; we are not here concerned with any questions about the validity of such a judgment, under the special circumstances appearing in some of the decided cases, as against the maker of the note. Our only in-

quiry is whether the irregularity here appearing upon the face of the record is such a defect as should be held to have been waived by the filing of O'Hern's petition to open.

That we should not so hold was decided in *Pasco Rural Lighting Co. v. Roland et al.,* (No. 1), 88 Pa. Superior Ct. 245. There the note given by the Rolands to the lighting company was assigned to a trust company with a guarantee of payment and separate warrant of attorney to confess judgment. The makers first moved to open the joint judgment confessed against them and the endorser and later to strike it off upon the ground that the judgment had been entered before maturity of the note. It was held, for the reasons there stated, that the filing of the petition to open operated as a waiver of the irregularity in entering the judgment before maturity but did not constitute a waiver of the vital defect of confessing a joint judgment under separate warrants of attorney, against parties liable in different capacities.

No laches can run against a void judgment: *Romberger v. Romberger,* supra. Under the conclusion we have reached, the judgment never was a lien on O'Hern's real estate. Moreover, that question was not involved in the proceeding before the court below and the opinion expressed thereon was not only gratuitous but erroneous.

Neither of the cases cited and relied upon by the court below has any application to the question here involved; the inquiry in the first was whether a scire facias to continue a municipal claim had been served upon the registered owner of the property and in the second whether a summons had been legally served.

The order of January 4, 1936, discharging the rule to strike off the judgment is reversed at the costs of appellee; the rule is reinstated and the record remitted with instructions to strike off the judgment as against the estate of J. J. O'Hern.