## Shomro Habrith Congregation Aid Society v. Fogelman et al.

*Emanuel Weiss,* for petitioner.
*Matten & Matten* and *Robert I. Cottom,* contra.

MAYS, J., February 8, 1943.—J. N. Fogelman, on October 2, 1939, executed and delivered to the Aid Society of Congregation of Shomro Habrith a judgment note for $360.82, payable one day after date. The note, carried on its face a warrant of attorney to confess judgment, waiving exemption, etc. On the reverse side of the obligation is an endorsement as follows:

"And I hereby authorize any attorney of any court of record in Pennsylvania or elsewhere to confess judgment against me therefor, for the entire amount of this note, with the cost of suit, release of errors; and we hereby also waive the right of inquisition, condemnation and appeal and stay of execution and the benefit of any exemption laws.

(Signed)   H. HINDEN   (Seal)
(Signed)   HARRY GROSSMAN   (Seal)"

Payment was not met, and plaintiff, on April 17, 1942, filed the note with the Prothonotary of Berks County, with instructions to enter judgment against J. N. Fogelman, H. Hinden, and Harry Grossman for $396.90; and thereupon a single judgment was entered against the signers on both sides of the note to

no. 66, April term, 1942, j. d. Execution issued to no. 7, June term, 1942, and personalty was levied upon.

Defendant Harry Grossman presented his petition to strike off the judgment, alleging that the joint judgment against maker and endorsers was illegal and void. A rule to show cause was granted, and proceedings on the execution stayed. Plaintiff filed an answer to defendant's petition, averring that said judgment is entirely binding and legal.

Felger, to use, v. Jersey Cereal Food Co. et al., 292 Pa. 518, and other decisions are to the effect that the holder of a note could enter a joint judgment against the maker and the endorsers on two separate confessions. All these decisions, however, were rendered prior to the passage of the Joint Suit Act of May 25, 1933, P. L. 1057, 12 PS §151, section 1 of which provided as follows:

". . . any person having a right of action on a written instrument of any kind whatsoever, except one creating a purely joint obligation, may, at his option, join as defendants in a single action thereon all or any one or more persons alleged to be severally, jointly or severally, or jointly and severally liable to him upon such instrument, regardless of the capacities in which such defendants are respectively liable thereon, and whether or not all or any of them be makers, drawers, acceptors, indorsers, assignors, sureties, guarantors, or accommodation parties. Each such defendant shall have the same rights as if sued severally."

As of February 3, 1941, the Joint Suit Act of 1933, including the above-quoted section, was suspended by Pa. R. C. P. 2250, and it was replaced by Pa. R. C. P. 2229 (d), which provides as follows:

"A person who asserts a cause of action ex contractu may join as defendants all or any one or more persons alleged to be liable to him on or by reason of the breach of the contractual obligation sued upon, regardless of the capacities in which such persons are respectively

liable or whether they are primarily or secondarily liable or whether their liabilities arise from the same or separate acts or undertakings; but where the liability of any defendant is solely joint, the plaintiff shall join all other persons jointly liable with such defendant." See also Pa. R. C. P. 2229(*b*).

At the argument petitioner conceded that if the judgment were stricken off plaintiff would have the right in an action of assumpsit to join the above defendants. Prior to the Act of 1933, supra, this could not have been done.

It was held in Fawcett et al. v. Fell et al., 77 Pa. 308, that (syllabus) : "A joint action cannot be maintained against the maker and endorser of a promissory note."

In Bell, Secretary of Banking, v. Anderson et al., 143 Pa. Superior Ct. 56, there was an action of assumpsit brought by the holder of a note against the maker and endorser, under the Act of 1933, supra. Keller, P. J., said (p. 58) : "Their joinder as defendants in one action did not affect their several rights."

In Bell v. Moore et al., 89 Pitts. 332, Egan, J., said:

"Under the act of May 25, 1933, P. L. 1057, plaintiff had the right on July 14, 1938, to sue the maker and endorser of a promissory note in the same action . . . (Rule 2250 of the rules of civil procedure, effective February 5, 1941, suspends absolutely the provisions of this act, but under rule 2229 plaintiff has the right to join such above defendants in the same action.)"

These decisions based upon the Act of 1933, supra, and Pa. R. C. P. 2229, radically depart from our early common-law practice. The real question here is whether or not the entry of the judgment was, or is, in reality an action, and within the provisions of Pa. R. C. P. 2229(*d*).

In The First National Bank v. Garlinghouse, 53 Barbour (N. Y.) 615, the court said (p. 619) :

"The confession of a judgment is but one of the ways and processes — one 'manner' — by which a person is sued. It is a voluntary submission to the jurisdiction of the court, giving by consent and without the service of process, what could otherwise be obtained by summons and complaint, and other formal proceedings. A person who confesses a judgment submits to be sued in that form and manner. The right to sue and be sued implies the right to use and employ, and to be subjected to, all the processes by which the judgments of courts are obtained."

This case was cited with approval in O'Hara v. Manley, Exec., et al., 140 Pa. Superior Ct. 39, and in Commonwealth ex rel. v. Lynch et al., 146 Pa. Superior Ct. 469.

Accordingly, we conclude that what plaintiff has done here was that it asserted a cause of action in which it properly joined as defendants all the persons alleged to be liable to it, regardless of the capacities in which such persons were respectively liable.

There are no cases in the State of Pennsylvania, or at least we have found none, involving a judgment entered after May 25, 1933, the date of the Joint Suit Act, in which the present question arose. However, in Peoples National Bank of Reynoldsville, to use, v. D. & M. Coal Co. et al., 124 Pa. Superior Ct. 21 (1936), Cunningham, J., at page 24, made the following statement, which is pertinent here:

"There can be no doubt that it was improper, at least prior to the Act of May 25, 1933, P. L. 1057, 12 PS §151, to enter a joint judgment against the maker and endorsers and guarantors of a promissory note containing separate warrants of attorney to confess judgment . . ."

And now, to wit, February 8, 1943, the rule to strike off the judgment is discharged.