## Polis *v.* Russell, Appellant.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Leon S. Forman,* with him *Wexler & Weisman,* for appellant.

*Philip S. Polis,* appellee, in propria persona.

OPINION BY RHODES, P. J., November 12, 1947:

This is an appeal by defendant from an order of the court below refusing to strike off a judgment, confessed by attorney, pursuant to a warrant contained in a lease. The judgment was for the sum of $341, includ-

ing an attorney's fee of ten per cent, representing damage to the building in which the demised apartment was located, caused by the overflow of water from radiator valves in the apartment.

Under the terms of the lease, dated April 15, 1939, plaintiff as lessor demised to defendant as lessee the third floor apartment consisting of two rooms and a bath, in premises No. 1116 West Girard Avenue, Philadelphia, from month to month, at the rental of $25 per month. In support of the confession of judgment, plaintiff filed an averment of default in which he alleged that defendant violated the ninth paragraph of the lease by permitting two of the radiator valves in his apartment to remain open which in turn caused a serious water overflow to take place. Plaintiff further averred that the overflow of water damaged the apartment on the second floor and also the store on the first floor, and that the cost of restoring the building to its previous condition was $310, itemized as follows: $30 for replacing linoleum in the kitchen of defendant's apartment; $170 for plastering ceiling, refinishing floor, repapering walls of the second floor apartment; and $110 for removing and replacing rusted parts of metal ceiling, and painting store on the first floor of the building.

The ninth paragraph of the lease provided:

"Ninth.—To pay for the removal of all rubbish and refuse matter permitted by the Lessee to remain or accumulate upon the premises, and for all damage done by reason of overflowing of water-closets, tubs, wash basins, etc., on or appurtenant to the premises, and for the cost of removing obstructions therefrom and from the pipes connected therewith, and the cost of all repairs made by reason of the stoppage of the said pipes, and the cost of restoring the premises to the same condition as when Lessee first occupied them,—all of the payments prescribed in this paragraph to be made by Lessee as part of the rent, in addition to the rental above set forth, and, upon default, to be recovered or distrained for in

the same manner as rent in arrear, and to have all the priorities given by law to claims for rent."

The provisions of the lease relative to the confession of judgment, release of errors and defects, and waiver of right to take an appeal are found in the sixteenth paragraph of the lease, and read in part as follows: "Lessee hereby empowers any Prothonotary or attorney of any court to appear for Lessee in any and all actions to be brought for any arrears of rent and/or for any other charges reserved as rent which may at any time fall due, and/or for any expense incurred by Lessor in removing ashes, rubbish or refuse matter from the said premises; . . . all of which proceedings shall be without the right to Lessee to have an appeal, certiorari, writ of error, exception, motion on rule to open judgment, or to stay execution, and with a release to Lessor and to the said attorney of all error in said proceedings."

Defendant filed a petition to strike off the judgment on the ground that the averment of default did not set forth facts constituting a violation of the ninth paragraph of the lease, and that consequently the warrant of attorney in the sixteenth paragraph of the lease was insufficient to sustain the judgment. A rule was granted on the plaintiff to show cause why the judgment entered should not be stricken off. Plaintiff filed an answer in which it was set forth that the averment of default alleged facts constituting a violation of the ninth paragraph of the lease, and in which it was also asserted that defendant had waived the right to question any judgment confessed under the terms of the lease. Defendant presented to the court below a petition to open the judgment at the same time he presented the petition to strike off the judgment. A rule to show cause was granted on each petition. After argument the rule to strike off the judgment was discharged by the court below and the rule to open the judgment was made absolute. Defendant has appealed from the order of the court below discharging the rule to strike off the judgment.

We are unable to find any provisions in the lease which would give authority to enter judgment against the defendant-lessee for such alleged damages as enumerated in the averment of default. They include the cost of repairing the apartment on the second floor, beneath defendant's third floor apartment, and the cost of repairing the store on the first floor, both allegedly damaged as the result of two radiator valves in defendant's apartment having remained open. The court below, in refusing to strike off the judgment, held that the judgment was regular on its face, and that the warrant to confess judgment was properly exercised by the plaintiff. A warrant or power of attorney to confess judgment is to be strictly construed against the party in whose favor it is given. *William B. Rambo B. & L. Ass'n v. Dragone et al.*, 305 Pa. 24, 26, 156 A. 311. In the instant case, no such authority as that claimed is given by the instrument. It is obvious that the plaintiff seeks to recover damages which are clearly beyond the limits expressed in the instrument. The damages claimed are not rent, and they are not, under the terms of the lease, charges reserved as rent. See *Disanto v. Rowland et al.*, 83 Pa. Superior Ct. 155. The judgment was therefore void and should have been stricken off; plaintiff had no right to have judgment at all.

Plaintiff's motion to quash is dismissed. A petition to open a judgment may operate as a waiver of the irregularities in entering the judgment (*Merchants National Bank of Butler, to use, v. Smulovitz,* 159 Pa. Superior Ct. 253, 255, 48 A. 2d 57), but it does not constitute a waiver of a fundamental or vital defect—for instance, where plaintiff had no right to enter the judgment. *Pasco Rural Lighting Co. v. Roland et al. (No. 1),* 88 Pa. Superior Ct. 245; *Peoples National Bank of Reynoldsville, to use, v. D. & M. Coal Co., et al.,* 124 Pa. Superior Ct. 21, 26, 187 A. 452. See, also, *Post v. Wallace,* 110 Pa. 121, 125, 20 A. 409.

Waiver of the right to appeal and release of errors in the proceedings do not extend to fundamental lack of authority to enter the judgment. *Curry v. Bacharach Quality Shops, Inc.*, 271 Pa. 364, 373, 117 A. 435; *Markeim-Chalmers-Ludington, Inc., v. Mead et al.*, 140 Pa. Superior Ct. 490, 495, 14 A. 2d 152; *Grakelow v. Kidder*, 95 Pa. Superior Ct. 250, 257.

The order of the court below discharging the rule to strike off the judgment was appealable (Act of May 20, 1891, P. L. 101, 12 PS § 1100), and this is true notwithstanding that defendant's rule to open the judgment was made absolute at the same time the rule to strike off was discharged by the court below. See *Pasco Rural Lighting Co. v. Roland et al. (No. 1)*, supra, 88 Pa. Superior Ct. 245. A void judgment may be stricken off at any time. *Romberger, to use, v. Romberger et al.*, 290 Pa. 454, 456, 139 A. 159.

The order of the court below discharging the rule to strike off the judgment is reversed; the rule to strike off is reinstated; and the judgment entered against defendant is stricken off.