## Crown Builders, Inc., v. Kimmelman et ux.

*Percy H. Sand,* for plaintiff.
*Samuel M. Tollen,* for defendants.

SWENEY, J., July 2, 1953.—On March 12, 1952, defendants executed and delivered to plaintiff a note under the terms of which they agreed to pay the sum of $990 in 36 consecutive monthly installments. The space for the amount of each installment and the space for the date of the payment of the first installment are blank. The note further provides that "if any installment is not paid when due, the entire balance of this note shall become due and payable at the option of the

holder". No affidavit of default was filed, when the note was filed of record on April 18, 1952.

On May 16, 1952, damages were assessed at $1,-148.40 and a fieri facias issued, returnable the first Monday of June 1952. This writ was returned "Nulla Bona" by the Sheriff of Delaware County.

On June 4, 1952, defendants presented their petition to open the judgment, alleging that certain work which plaintiff was to have done was done defectively or not at all and that the note "does not state a time when it is due and therefore judgment was improperly entered". Nothing happened thereafter until March 20, 1953, when defendants presented their petition to amend the petition to open the judgment, by adding additional defective work and a counterclaim. A rule was issued returnable March 27, 1953, and, on the return day, the amendments were allowed by order duly filed. Plaintiff filed an answer to the amended petition to open the judgment, alleging the right to enter the judgment note because defendants had refused or failed to sign a completion slip. As far as we can discover, there is no mention of the signing of a completion slip by defendants in the note.

There was a hearing before the writer hereof and, after hearing the testimony, the hearing judge directed counsel for defendants to prepare an order opening the judgment. On May 1, 1953, an order was signed opening the judgment. On the same date, counsel for defendants presented a petition to strike the judgment from the record and a rule was issued, which rule is now before us, as a court en banc, for decision. Plaintiff has filed an answer to this petition, setting forth that there are no defects in the judgment note and that defendants have waived any irregularity, since the judgment has been opened.

The narrow question for decision here is whether

any judgment which has been opened by court order can be stricken from the record because of defects apparent on the face of the record.

It must be admitted that there is no affidavit of default filed with the judgment in this case. The note, by its terms, provides for entry of the note after maturity. Where a warrant of attorney provides for the entry of judgment after default, there can be no entry of judgment without default appearing: Yezbak v. Croce, 370 Pa. 263, 270; P. Minnig Co. v. Carter, 113 Pa. Superior Ct. 231. The provision "after maturity" indicates that a default is necessary and, as a consequence, an affidavit of default is necessary to the proper entry of the judgment.

We find no case exactly in point. In Peoples National Bank of Reynoldsville, to use, v. D. & M. Coal Company et al., 124 Pa. Superior Ct. 21, a petition to open was filed but no action had been taken by the court when a petition to strike was filed. The court held that the filing of the petition to open did not waive the irregularities appearing upon the face of the record and allowed the judgment to be stricken because of such irregularities.

However, "a petition to open a judgment may operate as a waiver of the irregularities in entering the judgment . . . but it does not constitute a waiver of a fundamental or vital defect—for instance, where plaintiff had no right to enter the judgment. . . . A void judgment may be stricken off at any time.": Polis v. Russell, 161 Pa. Superior Ct. 456.

We are of the opinion that this is a void judgment; that there has been no waiver by defendants of the irregularities apparent on the face of the record, namely, the failure to file an affidavit of default which is here an essential to the entry of a valid judgment; and that the court has the right to strike the judgment,

although the judgment had previously been opened by an order of the court.

### Decree

And now, July 2, 1953, it is ordered and decreed that the rule herein granted defendants to show cause why the judgment herein entered should not be stricken from record be, and the same is hereby, made absolute; the judgment herein entered is stricken from the record.