In the Matter of John M. MALONEY, Individually and doing business as Mobile Grove Sales and F. Irene Maloney, Bankrupts.

Harry K. THOMAS, Esq. and Peter J. Belott, Jr., Esq., Co-Trustees for the estate of John M. Maloney, Individually and doing business as Mobile Grove Sales and F. Irene Maloney, Plaintiffs,

v.

SECURITY–PEOPLES BANK & TRUST CO., Defendant.

In the Matter of PORT ERIE MOBILE HOMES, INC., Bankrupt.

SECURITY–PEOPLES BANK & TRUST COMPANY, Plaintiff,

v.

Harry K. THOMAS, Esq. and Peter J. Belott, Jr., Esq., Co-Trustees in Bankruptcy of John M. Maloney, Individually and d/b/a Mobile Grove Sales and F. Irene Maloney and Port Erie Mobile Homes, Inc., Defendants.

Bankruptcy Nos. 79–4 Erie to 79–6 Erie, 79–8 Erie.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 17, 1984.

Harry K. Thomas and Knox, Graham, McLaughlin, Gornall & Sennett and Peter

J. Belott, Jr. and Sesler & Belott, Erie, Pa., pro se for trustees in bankruptcy.

Peter G. Schaaf and MacDonald, Illig, Jones & Britton, Erie, Pa., for Security-Peoples Bank & Trust Co.

Vedder J. White and McClure, Dart, Miller, Kelleher & White, Erie, Pa., for bankrupts.

### MEMORANDUM AND ORDER ON COMPLAINTS OF TRUSTEES IN BANKRUPTCY TO STRIKE JUDGMENT AND OF JUDGMENT PLAINTIFF FOR RELIEF FROM STAY

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

These matters come before the Court on Complaint of the trustees in bankruptcy of the corporate and individual bankrupts in the within cases to strike a pre-bankruptcy judgment entered against said bankrupts jointly in the Court of Common Pleas of Erie County, Pennsylvania, and the Complaint of the plaintiff in said judgment, the Security-Peoples Bank & Trust Company, for relief from the automatic stay under 11 U.S.C. 362 to enable it to amend the judgment by filing a missing assignment form stamped on the back of the note on which it was entered the plaintiff says will establish its title to and standing as the real party in interest and party-plaintiff in said judgment.

There are no assets distributable to creditors in the corporate bankruptcy case of Port Erie Mobile Homes, Inc., but real estate owned by the individual bankrupts, John M. Maloney and F. Irene Maloney, has been sold by their trustees divested of liens for $55,000.00 and the question of whether their trustees in bankruptcy or the bank will receive the net proceeds of sale depends on the answers to the following questions we will separately address after a more complete recital of the facts: (1) whether the plaintiff should have obtained separate judgments against Port Erie Mobile Homes, Inc., principal debtor on the note, and the Maloneys, et al, as its guarantors and parties secondarily liable thereon; and (2) whether the bank can be permitted to attempt to amend the record of its judgment retroactively or otherwise to show the assignment to it of the note on which it was confessed and that it consequently is the proper party-plaintiff and real party in interest therein.

Port Erie Mobile Homes, Inc., the bankrupt in Bankruptcy Case No. 79-8 Erie, executed the above note dated February 27, 1973 in favor of "Mr. and Mrs. John M. Maloney and Mr. and Mrs. Arthur Budzowski", the former of whom are the bankrupts in 79-4, 5, and 6 Erie, in the amount of $148,549.86 which was allegedly assigned by the payees to the Security-Peoples Trust Company by means of a rubber stamp form on the back thereof with undecipherable terminology because insufficiently inked in which in addition to assigning the note to the bank the assignors guaranteed its payment and consented to a confession of judgment against them in connection with said guarantee (the liability of the Budzowskis was limited to $25,000 which they later paid and became released).

The assignee, Security-Peoples Bank and Trust Company, confessed judgment against Port Erie, the Maloneys and the Budzowskis in the Court of Common Pleas of Erie County November 8, 1974 by having one of its employees request the Prothonotary to enter a single judgment against all of the bankrupts on presentation of a document purporting to be the original note, but which in fact was a carbon copy thereof without the purported assignment stamp on the back thereof—said copy has another rubber stamp form on the back in which the Prothonotary certified that judgment was entered in the County of Erie on a copy of "this original instrument" on November 8, 1974, but the actual original note containing the executed assignment form was admittedly not produced or filed nor was it stamped with the above certification of entry of judgment: see paragraph 10 of the Bank's Complaint for Relief where it is said:

"10. It is believed that because of a clerical error on the part of an employee

of Security-Peoples, an incomplete copy of the Note was filed with the Prothonotary of Erie County at DSB 5125–J–1974."

In addition, Exhibits "A" and "B", being the original and carbon copy of the note in the bank's file presented at a post-trial conference of counsel with the Court, irrefutably establish that the carbon copy of the note Exhibit "B" with the stamped certification by the Prothonotary that a judgment was entered "on this original instrument" was the document exhibited to the Prothonotary and it contains no assignment form on its back: the original note Exhibit "A" which was not presented or certified has the illegible assignment stamp thereon and said original note with assignment thereon appears not to have been at any time filed with or exhibited to the Court.

The assignment and alleged guaranty obligation of the Maloneys has been reconstructed from the form on the back of the original note which was not filed with or presented to the court as follows on page 2 of Security's brief:

"For Value received, I, We, assign this Note to the SECURITY–PEOPLES TRUST COMPANY, _____ Erie, Pennsylvania, or order and agree to pay the same. If not paid at maturity by the maker without any offset or defense of any kind, hereby waiving demand, protest or notice of protest, and I, We, hereby consent and agree to any extension or renewal thereof, and hereby authorize the confession of judgment against Me, Us, for the full amount of the within Note after maturity, with interest, costs of suit, and five percent for collection of the same, hereby waiving exemption of property and the right of inquisition."

1. *Separate Judgment Question*

█ It is the established law of Pennsylvania that it is error for the Prothonotary to enter a joint judgment against the maker and endorser on the authority of the note; that the proper procedure is to enter judgment against the maker, and if the note remains unpaid at maturity to enter a

separate judgment on the warrant contained in his endorsement: *Agricultural Trust Co. v. Brubaker & Shaub,* 73 Pa.Super.Ct. 468 (1920).

█ In *Union Bank of Nanty-Glo v. Schnabel, et al,* 291 Pa. 228, 139 A. 862 (1927) a single judgment was entered against the maker and endorsers on a note assigning and guaranteeing its payment on the back as in the case at bar and the plaintiff later entered a second judgment against the endorsers who moved to strike on the ground that the authority to enter it had been exhausted when the first judgment was entered and the Court said (from page 233, 234, 139 A. 862):

"This court has held in numerous cases that a judgment, entered by the prothonotary upon an authority to confess contained in a written instrument, exhausts the power and a second judgment entered by that authority is illegal and should be stricken off. The prothonotary has no better right than an attorney-at-law to enter two judgments on a single warrant: *Ely v. Karmany,* 23 Pa. 314, 316. That, however, is not the situation here. Not only was the second judgment based upon an entirely separate warrant from that by which the first was supported, but the first was wholly a nullity in so far as it stood against other persons than the Park Hill Coal Company, sole signer to the note and the only authorizer of the exercise of the included warrant of attorney.

. . . . .

"As to which of the warrants plaintiff bank used for its first entry, the conclusion is inevitable that it was the one set forth on the face of the note, since, as the court below says, no reference is made in the record of the first judgment to the collateral agreement endorsed on the back of the instrument, which contained the only authority there was to enter judgment against petitioners.

. . . . .

"We have said above that the second judgment recorded on this paper was based on a wholly independent agreement

and warrant of attorney from that set forth on the face of the obligation."

See also *Felger v. Jersey Cereal Food Co.*, 292 Pa. 518, 141 A. 475 (1928); *First National Bank of Moscow, Pa. v. Kendrew, et al*, 105 Pa.Super.Ct. 142, 160 A. 227 (1932); and 80 A.L.R.2d 1380.

### 2. *Amendment of Record Question*

■ While the foregoing error in the confession of the judgment would be sufficient to dispose of the controversy, it is also the law of Pennsylvania that the provisions of a power-of-attorney confessing judgment must be strictly construed against the donee of the power, and that while formal and clerical errors in connection with its exercise can be amended in proper cases, the omission of basic and fundamental matters such as the right and title of the plaintiff as the real party in interest entitled to enter the judgment must be set forth on the record and their omission will necessitate the judgment entered in favor of a stranger to the contract being stricken off: *Brown v. Esposito*, 157 Pa.Super. 147, 42 A.2d 93 (1945).

The Pennsylvania authorities on the above principle and related corollaries were collected and never better summarized than at pages 1232 thru 1234 of the opinion of Judge Hoffman of the Superior Court of Pennsylvania in *Fourtees Co. v. Sterling Equipment Corporation*, 242 Pa.Super. 199, 363 A.2d 1229 (1976) as follows:

"A motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken. See, e.g., *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic & Pacific Tea Co., Inc.*, 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case*, 427 Pa. 631, 235 A.2d 592 (1967); *Fleck v. McHugh*, 241 Pa.Super. 307, 361 A.2d 410 (1976, Filed June 28, 1976); *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa.Super. 252, 319 A.2d 682 (1974); *Gold-*enberg v. Holiday Inns of America, Inc.*, 227 Pa.Super. 250, 323 A.2d 176 (1974). It is well-settled that a written lease or contract which authorizes a party to confess judgment must be clear and explicit and strictly construed. Judgment cannot be entered in favor of a stranger to the contract, and, before a party is entitled to recover on a lease or contract, the burden is on him to show that he has an interest therein. *Kine v. Forman*, 404 Pa. 301, 172 A.2d 164 (1961); *Solazo v. Boyle*, 365 Pa. 586, 76 A.2d 179 (1950); *Ulick v. Vibration Specialty Co.*, 348 Pa. 241, 35 A.2d 332 (1944); *Boggs v. Levin*, 297 Pa. 131, 146 A.2d 533 (1929); *Produce Factors Corp. v. Brown*, 197 Pa.Super. 626, 179 A.2d 919 (1962); *Sterle v. Galiardi Coal & Coke Co.*, 168 Pa.Super. 254, 77 A.2d 669 (1951); *Testa v. Lally*, 161 Pa.Super. 478, 55 A.2d 552 (1947). The real party in interest not only has the right to enter judgment by confession, but is the only party who may do so. Rule 2002, Pa.R. C.P. See also, *Produce Factors Corp. v. Brown*, supra, 197 Pa.Super. at 630–31, 179 A.2d at 921–22.

·          ·          ·          ·          ·

"While the lower court is correct that it may not consider matters outside the record when ruling on a petition to strike, it erred in refusing to strike the judgment when the record, pleadings and depositions failed to establish appellee's interest in the demised premises. It was undisputed by appellee that it was neither the owner of the demised premises nor the assignee of the lease. Appellee's sole contention is that because it owned and operated New Hope, Inc., the record owner of the premises and lessor, appellee could confess judgment against appellant. The defect in appellee's argument is that nothing on the record establishes that it was a party to the contractual warrant of attorney or that it was empowered to confess judgment against appellant. Whatever informal arrangements may have existed between appellee and New Hope, Inc., they did not rise to the level of an enforcible contractual right. Be-

cause the record does not establish appellee's claim to be a real party in interest to the lease, the lower court should have stricken the judgment. (footnote)

"Because the record does not support appellee's contention that it was entitled to confess judgment against the appellant, we reverse the order of the lower court dismissing appellant's petition to strike and order the judgment stricken."

In *United States v. Mary Stuart,* 271 F.Supp. 939 (MD Pa.1967), relied on by the bank, the matter before the District Court for the Middle District of Pennsylvania was a judgment confessed on a warrant of attorney in that Court which is a United States District Court, not a state court like the court in which the judgment before us here was entered. The court in the Middle District of Pennsylvania was not bound by the law of Pennsylvania and the decisions of the Pennsylvania courts interpreting and applying that law to a judgment confessed in the Federal District Court as we are in respect to the effect of a judgment improperly confessed in a Pennsylvania Court of Common Pleas which can be given no greater effect than that accorded it by the law of that state: *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed. 136 (1979); 9 Am.Jr.2d., Bankruptcy, §§ 957, 961 (pp. 718, 721).

### ORDER

IT IS ORDERED, ADJUDGED and DECREED for the foregoing reasons that the prayer of the Security-Peoples Bank & Trust Company's petition to terminate the automatic stay to permit it to amend the record of the subject judgment is refused and denied and that as said judgment is a nullity and did not attach as a valid pre-bankruptcy lien against the Maloneys' individually owned real estate, their trustees in bankruptcy shall account for the net proceeds of its sale as assets for distribution in their individual estates.