# Southern Lime & Stone Co. to use v. Baker. Appellant.

*Judgment—Warrant to confess—Promissory note—Striking off judgment—Opening judgment.*

1. Where a corporation makes and signs a promissory note to the order of themselves, and endorses and signs on the back of it a printed form of assignment, guaranty and authorization of entry of judgment, constituting a single, connected sentence, the note

as a whole, is a complete, nonseverable, indivisible contract worded in such manner that no one could properly execute it save the maker-payee, as no one else could assign or negotiate the obligation.

2. If an individual signs after the endorsement of the corporation, his signature can have no relation to the assignment of the note, as he had no interest to assign, and if judgment is entered upon the note under the warrant, it will be stricken off as to such individual.

3. In such case, the mere fact that the assignor was the same as the maker, resulting under the printed form in the assignor's assuming to guarantee its own payment is not sufficient to force the conclusion that one signing after the signature of the company, must of necessity have been a party to it in order to give effect to all its terms.

Chief Justice Moschzisker, and Justices Frazer and Kephart dissent on the ground that the only relief which could properly be granted would be to open the judgment.

Argued October 7, 1924. Appeal, No. 82, Oct. T., 1924, by defendant, C. L. Baker, from order of C. P. Cambria Co., Sept. T., 1923, D. S. B. No. 103, discharging rule to strike off judgment, in case of Southern Lime & Stone Co. to use of Union National Bank of Johnstown v. Southern Lime & Stone Co., J. C. Ogden, C. L. Baker and J. R. Bockel. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Reversed.

Rule to strike off judgment as to C. L. Baker. Before Evans, P. J.

The opinion of the Supreme Court states the facts.

The note, which appears on the following pages, was as follows, the signatures of the vice-president being not legible in the fac simile here printed:

Rule discharged. C. L. Baker appealed.

*Error assigned* was order, quoting record.

*H. S. Endsley,* with him *Walter W. Krebs,* for appellant.—The contract on the back of the note is purely and simply an indivisible contract of assignment and guaranty of payment by the payee in the note.

Appellant's signature on back of note was not an execution of the assignment, guaranty and power to confess judgment.

A defendant's liability on a guaranty of another's indebtedness cannot be established partly by parol and partly by written evidence. The whole agreement or memorandum thereof must be in writing: Morris v. Eisaman, 201 Pa. 190.

*D. P. Weimer,* for appellee.—Appellant's signature is not that of endorsement: Shaffstall v. McDaniel, 152 Pa. 598; Roberts v. Riddle, 79 Pa. 468.

The placing of appellant's signature on the note must be construed as an execution of the printed form of assignment, guarantee and authorization to confess judgment: Consolidated Ice Mfg. Co. v. Bloomer, 18 Pa. Superior Ct. 451; Dodge v. Chessman, 10 Pa. Superior Ct. 604; Steininger v. Hoch, 39 Pa. 263; Bickford v. Cooper Co., 41 Pa. 142; Vulcanite Paving Co. v. Phila., 239 Pa. 524.

OPINION BY MR. JUSTICE SCHAFFER, December 1, 1924:

Defendant appeals from the refusal of the court below to strike from the record a judgment entered against him in pursuance of a warrant of attorney appearing on the back of a note.

From the fac simile of the note and endorsement set forth in the report, it will be seen that it was made by the Southern Lime & Stone Company to the order of themselves. So drawn, it was not an obligation to pay any one, as maker and payee were the same. To complete the instrument, the maker-payee executed the assignment, guaranty and authorization of entry of judgment on the back of it. This is a complete, non-

severable, indivisible contract, worded in such manner that no one could properly execute it save the payee, as no one else could assign or negotiate the obligation. It is all embraced in a single connected sentence and when signed, as it was by the payee, was complete. The signatures of appellant and the two others who signed with him, as appears by the paper itself, had and could have had no relation to the assignment of the note, as they had no interest in it to assign.

It is argued by appellee that appellant and the others who signed with him must be deemed parties to the assignment, and that this, at least so far as the undertaking of guaranty is concerned, is conclusively shown, that it would be meaningless, or at least ineffective, if executed only by the Southern Lime & Stone Company, who in that event would be guaranteeing its own payment. It should be remembered, however, that the note is on a printed form, prepared for the usual situation where maker and payee are different persons. The printed endorsement or assignment was intended to cause the assignor-payee to guarantee payment. Merely because there is a different situation in that the assignor is the same as the maker, resulting under the printed form in the assignor's assuming to guarantee its own payment, is not sufficient to force the conclusion that the three others whose names appear below the assignment must, of necessity, be parties to it, in order to give effect to all its terms. We are of opinion that the instrument shows there was no warrant authorizing the entry of judgment against appellant; his motion to strike it off should, therefore, have prevailed: Stewart v. Lawson, 181 Pa. 549; Saupp v. Streit, 258 Pa. 211; Ahern v. Standard Realty Co., 267 Pa. 404. We do not at this time pass upon the question whether the body of the note and the assignment taken together make it a negotiable instrument.

The decree of the court below is reversed and it is directed to strike the judgment against appellant, C. L.

Baker, from the record, the costs to abide any future proceedings.

DISSENTING OPINION BY MR. JUSTICE KEPHART:

This is a proceeding to strike off a judgment, and the inferences and deductions must be limited entirely to the paper (the note) in the case. I agree "no one else could [originally] assign or negotiate the obligation," so, to be effective in the hands of others, it must be assigned or endorsed by the maker-payee. I agree that the writing on the back of it is "a complete, nonseverable, indivisible contract," but I do not agree that it is worded in such manner that no one could properly execute it save the payee," as expressed by the majority opinion. On the contrary, the assignment on the back shows on its face that this appellant, with the maker, could execute it, that he had an interest to assign, and did assign it, and authorized a judgment to be confessed against him. This was the contract of the parties as presented to the bank, honored by the bank, and this court strikes down a part of the contract (the most valuable part) by holding that the signature of appellant "had and could have had no relation to the assignment of the note as [he] had no interest in it to assign." To so hold raises a legal impediment to the right to contract not heretofore existing in the law as to notes of this or any other character.

In agreeing the note as written could not be negotiated or assigned unless endorsed or assigned by the maker-payee, I deny that negotiation or assignment must be through the medium of the printed words on the back. An assignable interest could be acquired otherwise and before the note reached the bank.

The presumption from the use of the words "For value received ...... hereby sell and assign this note" would be that the parties had an interest to assign. To "sell" or "assign" is to transfer a right to another, and to sell or assign a chose in action or chattel personal implies a

warranty of title. In negotiable instruments the mere delivery warrants title in the person delivering.

If, as the words of the contract state, appellant had an entire or qualified title, the fact of the nonappearance in terms of such interest on the back of the note or otherwise attached thereto would not be conclusive that none existed, or prohibit him from assigning, guaranteeing and giving an authority to confess judgment, even though such contract be joined with a similar engagement by the maker-payee.

To illustrate my thought, suppose we take an everyday transaction to show interest, title and assignability, using the three defendants, Ogden, Baker and Bockel for example. They had their own note for $21,000 in the Union National Bank of Johnstown. The Southern Lime & Stone Company, indebted to these parties, or one of them, at their request, executed the note in question, and by a loose assignment, or one attached by clip, transfered it as collateral to the note in the bank. I think the legal effect of this transaction could not be seriously questioned. Ogden, Baker and Bockel then had an interest in the paper. They subsequently concluded, for business reasons, to withdraw their paper from the bank, and to that end induced the latter to accept the Southern Lime & Stone Company paper in its place. This the bank agreed to do if the three parties would guarantee its payment. This was done. Can there be any question but that Ogden, Baker and Bockel then had an assignable interest and the Southern Company still had an assignable interest, and that the assignment in question transferred the entire note with the added clause of guarantee and confession. It was no longer necessary to attach the assignment used when the note was up as collateral when the note was subsequently conveyed or sold.

The bank would lose nothing so far as the note of Ogden, Baker and Bockel is concerned, because it had their guarantee on the back of the Southern Company's

note, with the authority to confess judgment attached. Here the words "for value received," etc., distinctly assert a situation such as described. That being so, does the printed memorandum on the back they admittedly signed become their contract?

The same result would be reached if the same printed form on the back of this note were duplicated immediately below and signed by the three individuals. This printed form, as it stood, was supposed to be exactly what it states, and is an ordinary banking engagement. Ogden, Baker and Bockel assigned the note and guaranteed payment, and the maker-payee reiterated its prior obligation on the face of the paper, limiting the time of entry of judgment to the maturity of the note. Can it be doubted under these circumstances what the liability would be? We emphasize this because we are reviewing a proceeding to strike off a judgment.

Can we as a court, without other evidence than what appears on the face of the papers, hold that these parties had no assignable interest in this note sufficient to guarantee and authorize confession? May we presume from the papers, notwithstanding their signatures to a contract in terms covering them, that they were not bound thereby. Without considering any hypothetical case, when this note was presented to the bank, signed as it was, the bank had a right to believe that the parties, when they sold and "assigned," had an interest to assign, and could do everything they contracted to do in the printed memorandum on the back: assign the note, guarantee its payment, and authorize a judgment. A contract will be construed most strongly in favor of an innocent holder. Banks must rely on the integrity of the written contracts presented to them or cease to do business. The majority opinion must find from an inspection of the papers before us as a legal proposition (1) that the maker-payee was powerless to assign the note or any interest in it in another manner or for another purpose than that expressed through the assignment or endorse-

ment on the back, or (2) if it is conceded that the note could be assigned or used as collateral, then the conclusion must go farther and hold that, unless that prior assignment (for any purpose) appears in some form with or to the note, the parties, then assignees, cannot assign, guarantee or authorize a confession of judgment as here done, or (3) if it is held that a loose assignment, guarantee and confession may be made, then that the parties cannot join with the maker-payee in the memorandum on the back or (4) that this memorandum, executed as admitted, was ineffectual to bind the parties to the confession.

In considering this last proposition, in addition to the note we have the allegations contained in the papers filed, by virtue of which this judgment is entered. Plaintiff's statement avers: "Plaintiff's claim......is further founded upon said instrument and the provisions thereof, signed by the above-named defendants, printed on the reverse side of said note, under the terms of which, the above-named defendants sold and assigned said note on the first day of December, 1922, to the said Union National Bank......, and which said assignment guaranteed payment of the same at maturity, and in default thereof, authorizes any attorney of any court of record of this state to confess judgment against the above-named defendants in favor of the......bank,......for the amount of said note, with interest, costs, and attorney's fee of five per cent for collection, waiving exemption......as appears by said printed portion on the reverse side of said note hereto attached and made a part of this statement of claim, and which was duly signed by all of the above-named defendants on the first day of December, 1922." And attached to this statement is the affidavit of an officer of the bank averring that the "note was sold and assigned to the Union National Bank...... by the within named defendants." As a confessed judgment must be self-supporting, it seems to me the facts here averred are sufficient to sustain it. Especially

should this be so when the only matter of record upon which the judgment is stricken down is a motion by defendants' counsel that "the said judgment was confessed......upon a declaration filed alleging that the defendant had guaranteed payment of the note filed in said case and had authorized such confession of judgment, when in point of fact the note and the printed assignment on the back thereof shows that the defendant did not guarantee payment of said note and did not sign or execute any warrant of attorney, and there was no authority for the confession of judgment against said defendant."

As we said above, when the company and these three men sold and assigned this note for value to the appellee bank, the presumption was that they had an interest in it to assign. How they got that interest is immaterial *on a motion to strike off.* It may be immaterial to this decision whether the note was negotiable or nonnegotiable; that does not determine the effect of the contract on the back of the note. If Baker and others owned an assignable interest or if they at one time owned this note, and the presumption and averment of fact is they had such interest, they could join with the maker-payee in this very assignment and authority to confess. This assignment then speaks in its entirety as to the three men, as well as to the maker-payee who reaffirms what it had already obligated itself to do, modified perhaps as to the date when the judgment might be entered.

I would hold as did the court below, that judgment could not be stricken off, but appellant could proceed to have it opened, thereby obtaining full relief if entitled to it. This would affirm the court below.

DISSENTING OPINION BY MR. CHIEF JUSTICE MOSCHZISKER :

I agree with Mr. Justice KEPHART that, at the most, the only relief which properly could be granted in this

case would be to open the judgment; therefore I likewise enter my dissent.

Mr. Justice FRAZER joins in this dissent.