## Vogt Farm Meat Products Company v. Egan.

*Judgment — Confession of judgment — Promissory note — Striking off judgment—Act of May 28, 1715.*

1. Where an individual signs a promissory note containing a confession of judgment, to the order of himself, and endorses on its back an assignment and confession of judgment to another person, the note as a whole is a complete, nonseverable, indivisible contract worded in such manner that no one could possibly execute it save the maker-payee, as no one else could assign or negotiate the obligation.

2. If judgment is entered on such note by the assignee, it cannot be stricken off on the ground that the assignment was not executed in accordance with the Act of May 28, 1715, 1 Sm. Laws, 90.

Rule to show cause why the judgment should not be stricken from the record. C. P. Schuylkill Co., Nov. T., 1923, No. 377.

*Otto E. Farquhar*, for plaintiff; *B. V. O'Hare*, for defendant.

KOCH, J., June 14, 1926.—The judgment was enterd upon a promissory note reading as follows:

"$1000.00                                           Harrisburg, Pa., May 23, 1923.

"Three months after date, I promise to pay to the order of myself at the Commonwealth Trust Co.

"the sum of One Thousand Dollars, with interest, without defalcation, for value received, and do hereby confess judgment for the above sum, with costs of suit and Attorney's Commission of Five per cent. for collecting and waiving right of inquisition, appeal, stay of execution and exemption of real and personal propery.                    JOHN EGAN.      (Seal)."

The note is endorsed as follows:

"For value received.                                           (20c. Rev.)

"This 24th day of May, 1923, I hereby assign, transfer and set over the within note to Vogt Farm Meats Products Co., of Royalton, Pa., or assigns and guarantee payment thereof.

"I hereby confess judgment for the amount of this note, with interest, costs and five per cent. for Attorney's Commission and waive right of inquisition, appeal, stay of execution and exemption of real and personal property.

"Witness my hand and seal.                    JOHN EGAN      (Seal).

VOGT FARM MEAT PROD. CO.      (Seal).

RAY I. MAHLER, Treasurer."

The defendant lives in Shenandoah, and prays for the striking off of the judgment because he "is advised and avers that there has been no legal transfer or assignment of said note to plaintiff," and "that the alleged assignment upon which the judgment is entered by plaintiff against defendant was not executed in accordance with the Act of Assembly of May 28, 1715, 1 Sm. Laws, 90."

The note, without its endorsement, is an absurdity. Egan could not enter a judgment for himself against himself, and, to make the transaction complete, it required endorsement to some one else. This case finds its parallel in Southern Lime and Stone Co., to use, *v.* Baker, 281 Pa. 587, concerning which the Supreme Court said, at page 591: "So drawn, it was not an obligation to pay any one, as maker and payee were the same. To complete the instrument, the maker-payee executed the assignment, guaranty and authorization of entry of judgment on the back of it. That is a complete, nonseverable, indivisible contract, worded in such manner that no one could

properly execute it save the payee, as no one else could assign or negotiate the obligation."

It should, therefore, be apparent that the provisions of the Act of May 28, 1715, 1 Sm. Laws, 90, have no application to the case.

The rule is discharged.

From M. M. Burke, Shenandoah, Pa.