Horner Sales Corporation (et al., Appellant) *v.* Motor Sport, Inc.

Argued April 1, 1954. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

reargument refused June 4, 1954.

*Elizabeth Bailey,* with her *James C. Tallant,* for appellants.

*Allen N. Brunwasser,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, May 24, 1954:

This action involves a confession of judgment upon warrants of attorney contained in judgment notes. On May 15, 1953, judgment was confessed in favor of Horner Sales Corporation, plaintiff, against Motor Sport, Inc., maker, and Robert G. Ryberg, endorser, of a judgment note dated November 8, 1952. The note contains a warrant of attorney to confess judgment, both on its face and in the endorsement. This judgment was assigned by Horner Sales Corporation to E. E. Horner. On the same day, to wit May 15, 1953, judgment was confessed on another note in favor of E. E. Horner, plaintiff, against Motor Sport, Inc., maker, and Robert G. Ryberg, endorser. This note also contained on its face and in the endorsement a warrant of attorney to confess judgment.

Rules were entered on E. E. Horner to show cause why the said judgments should not be stricken from the record. The court below made these rules absolute, and from these orders E. E. Horner appeals. The issues involved in the two cases are identical and will be disposed of in one opinion. The question is: Does the confession of judgment in one action against both the maker and endorser of a note, containing on its face and in the endorsement a warrant to confess judgment, invalidate said judgment?

Prior to 1933 a judgment confessed against the maker and endorser of a judgment note on two separate warrants of attorney, was held void by both appellate courts of Pennsylvania, the reason being that the maker and the endorser could not be sued in the same action, they not being joint, but several, obligors.[1]

Section 1 of the Act of May 25, 1933, P. L. 1057, 12 PS § 151 (commonly referred to as the Written Obligations Act) provided: "Any person having a right of action on a written instrument of any kind whatsoever, except one creating a purely joint obligation, may, at his option, join as defendants in a single action thereon all or any one or more persons alleged to be severally, jointly or severally, or jointly and severally liable to him upon such instrument, regardless of the capacities in which such defendants are respectively liable thereon, and whether or not all or any of them be makers, drawers, acceptors, indorsers, assignors, sureties, guarantors, or accommodation parties. . ." These provisions were suspended absolutely by Pa. R. C. P. 2250.

Section 1 of the Act of 1933 was adapted by Pa. R. C. P. 2229 (d), which provides as follows: "A person who asserts a cause of action ex contractu may join as defendants all or any one or more persons alleged to be liable to him on or by reason of the breach of the contractual obligation sued upon, regardless of

---

[1] H. S. Blatt Hardware Company v. McCarthy, 54 Pa. Superior Ct. 463; Pasco Rural Lighting Company v. Roland, 88 Pa. Superior Ct. 245; First National Bank of Moscow, Pa. v. Kendrew, 105 Pa. Superior Ct. 142, 160 A. 227; Romberger v. Romberger, 290 Pa. 454, 139 A. 159; Peoples National Bank of Reynoldsville v. D. & M. Coal Company, 124 Pa. Superior Ct. 21, 187 A. 452. See also Southern Lime & Stone Co. v. Baker, 281 Pa. 587, 127 A. 221, 282 Pa. 204, 127 A. 764.

the capacities in which such persons are respectively liable or whether they are primarily or secondarily liable or whether their liabilities arise from the same or separate acts or undertakings; but where the liability of any defendant is solely joint, the plaintiff shall join all other persons jointly liable with such defendant." The note on the rule states that this was an adaptation and extension of the Joint Suit on Written Obligations Act of 1933, supra.

Pa. R. C. P. 130 provides that "the principle that laws in derogation of the common law are to be strictly construed, shall have no application to the rules promulgated by the Supreme Court."

The confession of judgment is but one of the ways and processes by which a person is sued. It is a voluntary submission to the jurisdiction of the court, given by consent and without the service of process. See *Com. ex rel. Bradford County v. Lynch,* 146 Pa. Superior Ct. 469, 23 A. 2d 77. Therefore, since Pa. R. C. P. 2229 (d), there is no longer any reason for holding that judgment may not be confessed in one action against defendants, all or any one of whom is alleged to be liable by reason of the contractual obligation sued upon, *regardless of the capacities in which said persons are respectively liable, or whether they are primarily or secondarily liable, or whether their liabilities arise from the same or separate acts or undertakings.*

The only reported case on the present question is that of *Shomro Habrith Congregation Aid Society v. Fogelman,* 48 D. & C. 119. We think that the opinion in that case by Mays, J., Berks County, correctly stated the applicable law since the adoption of Pa. R. C. P. 2229 (d). There a single judgment was confessed by virtue of a warrant of attorney on the face of the note, and a warrant of attorney on the reverse

side of the obligation authorizing a confession of judgment against the endorsers. The court stated at page 122: "Accordingly, we conclude that what plaintiff has done here was that it asserted a cause of action in which it properly joined as defendants all the persons alleged to be liable to it, regardless of the capacities in which such persons were respectively liable."

The orders of the court below are reversed and the judgments reinstated at the cost of the appellees.