Caplan, Appellant, *v.* Seidman.

Argued March 19, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lawrence Goldberg,* for appellant.

*Jerome E. Furman,* for appellees.

OPINION BY WRIGHT, J., April 14, 1964:

Joseph Caplan has appealed from an order of the County Court of Philadelphia making absolute a rule to strike off a judgment. The factual and procedural situation appear in the following excerpt from the opinion below:

"Judgment was entered on a warrant of attorney contained in a note dated February 11, 1959. The note provided for payment of the sum of $3,900.00 in monthly installments of $53.03. Upon failure to pay any installment when due, the whole debt was to become due and payable. The note and the warrant of attorney to confess judgment upon default was signed by the defendant, Simon Seidman. Immediately under his signature the following appeared: 'For value received we agree to indemnify Joseph Caplan and save him harmless against any loss due to nonpayment of this note' and was signed by Benjamin Caplan and Dale A. Knob.

"The averment of default dated October 14, 1963, sets forth that the defendant, Simon Seidman, defaulted on the installment due on September 11, 1963, and said default has continued from said date whereby the principal sum of $3,112.18 has become due and payable; that guarantor, Dale A. Knob, has been notified of said default and has not made payments in accordance with his obligation".

The court below took the position that the judgment was *improperly* entered (a) as to Knob because he and Benjamin Caplan had signed a separate agreement of indemnification which did not include any authorization or warrant of attorney to confess judgment; and (b) as to Seidman because of "the inclusion of an unauthorized party". The petition to strike as to Knob averred an alternate ground, namely, that the agreement of indemnification was the joint obligation of Knob and Benjamin Caplan and the latter had not been joined as a defendant. The court below deemed it unnecessary to pass upon this alternate ground.

(1) This appeal does not require consideration of the Act of July 24, 1913, P. L. 971, Section 1, 8 P.S. 1, cited by appellant. Cf. *Pennsylvania Company v. Lebanon B. & L. Assn.,* 337 Pa. 316, 10 A. 2d 418. Regardless of whether the agreement signed by Knob and Benjamin Caplan was a contract of suretyship or of indemnity, see *E. P. Wilbur Trust Co. v. Eberts,* 337 Pa. 161, 10 A. 2d 397, it clearly appears that the warrant of attorney to confess judgment was signed only by Seidman and there was accordingly no authorization to enter judgment against Knob: *Frantz Tractor Co. v. Wyoming Valley Nursery,* 384 Pa. 213, 120 A. 2d 303. And see *Stewart v. Lawson,* 181 Pa. 549, 37 A. 518; *Ansley v. George Coal Mining Co.,* 88 Pa. Superior Ct. 40. Appellant relies on *Horner Sales Corp. v. Motor Sport, Inc.,* 377 Pa. 392, 105 A. 2d 285, but in that case the note under consideration contained a warrant

of attorney to confess judgment both on its face and in the endorsement. It is our view that the judgment was properly stricken as to Knob.

(2) On the other hand, we are all of the opinion that the lower court erred in striking the judgment as to Seidman. The rationale of the opinion below is as follows: "Where a judgment entered by confession constitutes a grossly excessive and improper use of the authority given, it must be stricken off in its entirety". However, the confession of judgment as to Seidman was not an improper use of the authority he had given. The unauthorized inclusion of one of the indemnitors was not a defect in the confession as to the maker. Each of the three cases cited in the opinion below[1] involved an abuse of the authority given by the maker of the instrument. It is of course true that the authority to enter judgment by confession on a warrant of attorney must be strictly followed: *A. B. & F. Contracting Corp. v. Matthews Coal Co.,* 194 Pa. Superior Ct. 271, 166 A. 2d 317. But in the case at bar there was no abuse of authority as to Seidman. The authority he had given was properly exercised. Here pertinent is the statement of Mr. Justice ROBERTS in the recent case of *DeRose v. Lombardi,* 413 Pa. 258, 196 A. 2d 336: "As to Joseph Lombardi who signed the notes, the granting of the motion to strike was clearly improper".

The order is affirmed as to the judgment against Dale A. Knob and reversed as to the judgment against Simon Seidman. The court below is directed to reinstate the latter judgment on the record.

---

[1] *Housing Mortgage Corp. v. Tower Development & Investment Corp.,* 402 Pa. 388, 167 A. 2d 146; *Park-Main Co. of Penn. v. Fayette National Bank and Trust Co. of Uniontown,* 397 Pa. 75, 152 A. 2d 714; *Grady v. Schiffer,* 384 Pa. 302, 121 A. 2d 71.