PERRY SQUARE REALTY, INC.

v.

TRAME, INC., Armando P. Silva
and Cecilia Silva.

Appeal of Armando SILVA.

PERRY SQUARE REALTY, INC.

v.

TRAME, INC., Armando P. Silva
and Cecilia Silva.

Appeal of Cecilia SILVA.

Superior Court of Pennsylvania.

Argued Feb. 12, 1997.

Filed May 7, 1997.

Gary P. Lightman, Philadelphia, for appellants.

Kenneth F. Carobus, Philadelphia, for appellee.

Before CIRILLO, JOHNSON and OLSZEWSKI, JJ.

JOHNSON, Judge.

In this appeal, we are asked to determine whether the guarantors under a commercial

lease are entitled to liquidated damages pursuant to 42 Pa.C.S. § 8104(b) where judgment was confessed against them under a warrant of attorney contained in the lease. We conclude that the provisions of § 8104 were not triggered in this case, even though the judgment was confessed without proper authority, because the judgment creditor had not received satisfaction at the time the written request for satisfaction was made. Accordingly, we affirm the order that denied relief upon a petition to strike or mark satisfied a judgment by confession.

In May 1995, Trame, Inc. (Tenant) entered into a six-year commercial lease for property located in Center City, Philadelphia, to be utilized as a retail store. The original landlord, Tranel, Inc., transferred ownership of the property, along with all its right, title and interest in the leases and the rents for the subject property, to Perry Square Realty, Inc. (Landlord). Armando and Cecilia Silva (Guarantors) unconditionally guaranteed payment of Tenant's rent and performance of the terms of the lease. Beginning sometime in late 1995, Tenant failed to make the regular rent payments.

On March 6, 1996, Landlord filed a Complaint for Confession of Judgment against both the Tenant and the Guarantors for the sum of $391,291.75. The Complaint was based upon a warrant of attorney contained in the lease by which Tenant expressly agreed that, after a default, Landlord may cause judgment to be entered against Tenant and may proceed against Tenant for recovery of all sums due Landlord pursuant to the Rules of Civil Procedure governing Confession of Judgment for Money, Pa.R.C.P. 2950–61. The same day, Landlord filed a lien against both the Tenant and the Guarantors in the sum of $391,291.75.

On March 27, 1996, counsel for the Guarantors wrote to counsel for the Landlord, pointing out that the confession of judgment provision in the lease did not grant the Landlord any authority to confess judgment against anyone other than the Tenant. This letter contained a demand that the Landlord immediately enter a satisfaction of the judgment in the matter pursuant to 42 Pa.C.S. § 8104(a), asserting that Landlord had improperly obtained the judgment based on erroneous facts contained in the Complaint. The letter concluded by asserting that, if Landlord did not satisfy the judgment within thirty days, the Guarantors would file a claim for liquidated damages pursuant to 42 Pa. C.S. § 8104(b).

On April 10, 1996, the Tenant, the Guarantors, and the Landlord reached a settlement agreement that purported to resolve all disputes between the parties. When the judgment remained unsatisfied, however, the Guarantors, on June 17, 1996, filed identical Petition(s) to Strike or Mark Satisfied Judgment by Confession Under Pa.R.C.P. 2959 and For Liquidated Damages under 42 Pa. C.S. § 8104(b). On June 25, 1996, the Landlord filed the praecipe to mark the judgment satisfied, and the judgment against the Tenant and the Guarantors was marked settled, discontinued and ended with prejudice. Thereafter, Landlord filed timely answers to the petitions that had been separately filed by the individual Guarantors. Following a hearing, the trial court entered its orders on July 23, 1996 that (1) found the petitions to strike or mark satisfied the judgment of confession moot based upon the praecipe filed June 25, 1996 by Landlord, and (2) denied Guarantors' petitions for liquidated damages. The Guarantors now appeal from those orders.

█ We begin our analysis by determining the validity of the confession of judgment against the Guarantors. The lease between Landlord and Tenant runs twenty-four pages, including a seven-page addendum. Each page was initialed by the Tenant and the original landlord. The full signatures of the officers of the corporate landlord and tenant are affixed at page 17 of the lease. The individual Guarantors have signed the lease at page 17, beneath the corporate signatures of Tenant and Landlord. The Guarantors have neither affixed their signatures to, nor initialed, any page other than page 17.

The warrant of attorney appears at page 10 of the lease, which contains the confirming initials of Tenant and the original landlord. On these facts, we conclude that the warrant of attorney to confess judgment appearing on page 10 was not enforceable against the Guarantors. *Caplan v. Seidman*, 203 Pa.Super. 170, 199 A.2d 483 (1964).

In *Caplan v. Seidman*, we reviewed an order that had stricken a confessed judgment against both the primary borrower, Seidman, and the two indemnitors, Caplan and Knob. The note and the warrant of attorney to confess judgment upon default were signed by Seidman. The indemnity agreement, signed by Caplan and Knob, appeared immediately under Seidman's signature. While we held that the confessed judgment was properly entered against the primary borrower, we affirmed the order striking judgment against Knob, the indemnitor, stating:

> Regardless of whether the agreement signed by Knob and Benjamin Caplan was a contract of suretyship or of indemnity . . ., it clearly appears that the warrant of attorney to confess judgment was signed only by Seidman and there was accordingly no authorization to enter judgment against Knob. . . . It is our view that the judgment was properly stricken as to Knob.

*Id.* at 172–73, 199 A.2d at 485; *see also Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977) (holding that a confessed judgment was not enforceable against a corporate president who individually guaranteed payment of corporate note signed by him in his capacity as president and which authorized confession of judgment); Annotation, *Enforceability of Warrant of Attorney to Confess Judgment Against Assignee, Guarantor, or Other Party Obligating Himself for Performance of Primary Contract*, 5 ALR 3d 426, 428–32.

Our supreme court, in *Frantz Tractor Co. v. Wyoming Valley Nursery*, 384 Pa. 213, 120 A.2d 303 (1956), reviewed a series of Pennsylvania cases concerning warrants of attorney contained in leases and declared:

> The rule to be deduced from the decisions is that a warrant of attorney to confess judgment must be self-sustaining; to be self-sustaining, the warrant must be in writing and signed by the person to be bound by it; and the requisite signature must bear a distinct relation to the warrant and may not be implied extrinsically nor imputed from assignment of the instrument containing the warrant.

*Id.* at 219–20, 120 A.2d at 306–07.

The guaranty in the instant case, set forth at page 17 of the lease agreement, provided that the Guarantors

> in exchange for good and valuable consideration, the receipt and sufficiency of which is acknowledged, guarantees payment of the rent and performance of the terms, conditions and covenants of the Lease, as set forth above.

Moreover, the warrant of attorney itself, while expressly referring to the tenant, makes no reference to the guarantors or indemnitors on the lease. The warrant provides, in pertinent part:

> 15. (a) *CONFESSION OF JUDGMENT FOR MONEY.* TENANT COVENANTS AND AGREES THAT . . . LANDLORD MAY CAUSE JUDGMENT TO BE ENTERED AGAINST TENANT, AND FOR THAT PURPOSE TENANT HEREBY AUTHORIZES AND EMPOWERS ANY PROTHONOTARY, CLERK OF COURT OR ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR AND CONFESS JUDGMENT AGAINST TENANT. . . .

In *Frantz, supra*, at 215–17, 120 A.2d at 305, our supreme court cautioned that "a warrant of attorney to confess judgment is not to be foisted upon anyone by implication or by general and nonspecific reference." On the basis of these rules, we conclude that the language in the guaranty agreement is too indirect and general to demonstrate that the Guarantors consented to the confession of judgment. Accordingly, we also conclude that the Guarantors would have been enti-

tled, upon presentation of a proper petition pursuant to Pa.R.C.P. 2959, to have the confessed judgment against them stricken. *Frantz, supra; Solebury, supra; Caplan v. Seidman, supra.*

Having determined that the Landlord was without authority to seek a judgment by confession against the Guarantors, we must next consider the proper relief to which the Guarantors were entitled. In their petitions filed on June 17, 1996, the Guarantors requested that the trial court either (a) strike or (b) mark satisfied, the judgment by confession obtained in the amount of $391,291.75. In a separate count, they sought an award of liquidated damages pursuant to 42 Pa.C.S. § 8104(b) in the amount of $195,645.87, being 50% of the original amount of the unauthorized judgment.

Liquidated damages may be awarded pursuant to 42 Pa.C.S. § 8104, which provides as follows:

**§ 8104. Duty of judgment creditor to enter satisfaction**

**(a) General rule.**—A judgment creditor who has received satisfaction of any judgment in any tribunal of this Commonwealth shall, at the written request of the judgment debtor, or of anyone interested therein, and tender of the fee for entry of satisfaction, enter satisfaction in the office of the clerk of the court where such judgment is outstanding, which satisfaction shall forever discharge the judgment.

**(b) Liquidated damages.**—A judgment creditor who shall fail or refuse for more than 30 days after written notice in the manner prescribed by general rules to comply with a request pursuant to subsection (a) shall pay to the judgment debtor as liquidated damages 1% of the original amount of the judgment for each day of delinquency beyond such 30 days, but not less than $250 nor more than 50% of the original amount of the judgment. Such liquidated damages shall be recoverable pursuant to general rules, by supplementary proceedings in the matter in which the judgment was entered.

■ At the time the Guarantors made their written demand for satisfaction of the judgment in their letter to the Landlord dated March 27, 1996, the judgment had not been satisfied. The judgment was not satisfied until April 10, 1996. The duty of a judgment creditor to enter satisfaction pursuant to § 8104 cannot arise until, under the express language of the statute, the "judgment creditor . . . has received satisfaction."

The Guarantors did not file their petitions to strike or mark satisfied the judgment and for liquidated damages until June 17, 1996. Assuming that this would satisfy the requirement for a written demand under § 8104, the Landlord had thirty days after this written notice to comply with that request. 42 Pa. C.S. § 8104(b). In fact, the judgment was satisfied of record on June 25, 1996, well within thirty days. Thus, because the judgment was entered as satisfied within thirty days, this written demand did not result in a right to liquidated damages on behalf of the Guarantors.

We need not consider whether the Guarantors would qualify as being within the class of "the judgment debtor, or of anyone interested therein" set forth in § 8104(a) because the confessed judgment in this case was, in fact, satisfied within thirty days of the first written request for satisfaction following settlement of all claims. Nor do we decide whether a guarantor is a judgment debtor within the meaning of the liquidated damages statute. *But see Reuter v. Citizens & Northern Bank,* 410 Pa.Super. 199, 206–08, 599 A.2d 673, 677 (1991) (under Pennsylvania law, guarantor is a "debtor" within Uniform Commercial Code, Article 9, Secured Transactions); *Ford Motor Credit Co. v. Lototsky,* 549 F.Supp. 996, 1002–04 (1982) (same).

■ The Guarantors also included in their petitions, at Count 1, a request that the trial court enter an order striking or marking satisfied the judgment by confession in the amount of $391,291.75. The proper manner to correct the record where a judgment has been entered against persons who have not authorized the judgment by confession

against themselves is to proceed under Pa. R.C.P. 2959. This was the proper procedure to attack the judgment entered by confession against the Guarantors. *See* Pa.R.C.P. 2959, **Striking Off or Opening Judgment. Pleadings. Procedure.** However, by the time answers to the petitions had been timely filed by the Landlord and the matter came on for disposition, the confessed judgment had already been satisfied of record on June 25, 1996. Because the Guarantors delayed in moving forward with a petition to strike, the relief to which they would have been entitled under that petition was rendered moot by the Landlord's action in satisfying the judgment of record. Even if the petition to strike was meritorious, the trial court did not err, therefore, in ruling that the petition was moot based upon the earlier filed praecipe.

The trial court found the March 27, 1996 letter invalid due to the general release signed between the parties dated April 10, 1996. The trial court also correctly concluded that the right to have the judgment marked satisfied did not arise until two weeks after the March 27, 1996 demand letter was signed. Because we conclude, as did the trial court, that the Guarantors were not entitled to any relief on their petitions at the time they came on for disposition, we affirm the orders of July 23, 1996 which decreed that the petitions to strike judgment were moot and which denied the Guarantors' petitions for liquidated damages.

Orders **AFFIRMED.**