J-S01006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FRANK ZOKAITES, AS TRUSTEE AND NOT INDIVIDUALLY FOR TRANSAMERICAN TRUST | : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| PHONG BUI | | No. 839 WDA 2025 |
| Appellant | | |

Appeal from the Order Entered June 26, 2025
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-20-008991

BEFORE: BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: April 10, 2026**

Phong Bui ("Bui") appeals from the order that: (1) denied Bui's petition to strike and/or open the confessed judgment lodged against him by Frank Zokaites, as trustee for Transamerican Trust ("Plaintiff"), and (2) molded that judgment to an amount lower than that originally awarded. We affirm.

The trial court provided the following background. Plaintiff filed the instant suit on August 21, 2020, based upon the "commercial lease executed on September 8, 2015[,] . . . between [Plaintiff] and Bui, t/d/b/a Luppino Brothers, Inc. ("Luppino"). As part of the lease agreement, Bui executed a personal guarantee and confession of judgment." Trial Court Opinion, 9/8/25, at 1. That document provided:

_____

[*] Former Justice specially assigned to the Superior Court.

I/we do hereby empower Landlord or any attorney of any court of record to appear for me and with or without complaint filed, confess and re-confess judgment against me and in favor of Landlord, its successors or assigns, for the sums, including additional rent, and accelerated rent and for the sum due by reason of any breach of covenant or condition broken by Tenant, with costs of suit and attorney's commission of twenty percent (20%) with a minimum of Four Thousand Dollars ($4,000.00) for collection, and forthwith issue a writ or writs of execution thereon with release of all errors and without stay of execution.

Should the Tenant default hereunder during this Lease, then the most that the Landlord shall seek, pursue, or be entitled to as damages under this guarantee, shall not exceed the amount that is due the Landlord within a three[-]month period commencing on the date that the Tenant returns the leased premises to Landlord.

Complaint in Confession of Judgment, 8/21/20, at Exhibit A (Personal Guarantee, 9/8/15). The confession of judgment filed by Plaintiff named Bui as defendant, but referenced Luppino in setting forth the amounts due under the terms of the lease. *Id*. at 4.

The trial court detailed the pertinent history following the confessed judgment thusly:

On June 4, 2024, Bui filed a "Petition to Open Default Judgment" citing the following two alleged defects in support of the petition: (1) a defect in service; and (2) that the amount of the confessed judgment exceeded a limitation on damages based on the face of the confession documents. [Bui] initially presented the petition to the Honorable Judge Arnold I. Klein and after conference, counsel agreed that Plaintiff would be permitted to amend the complaint in confession with a response being due within [thirty] days of service of the amended complaint as memorialized in Judge Klein's June 17, 2024 Order. The amended complaint in confession of judgment was filed on June 27, 2024[,] and referenced Luppino Brothers, Inc. ("Luppino"), not Phong Bui, as defendant.

- 2 -

Attorney Corey Leon, who was also counsel of record for Bui, accepted service of the amended complaint and filed a petition to open/strike confession of judgment on behalf of Luppino on July 12, 2024 (the "Second Petition"). The Second Petition cited the following defects: (1) Plaintiff did not attach a document authorizing the confession of judgment against the named defendant; (2) the expiration of the statute of limitations on a breach of contract action; (3) the judgment against Bui should have been stricken with the amendment; and (4) the amount of the confessed judgment exceeded a limitation on damages based on the face of the confession documents.

After naming Luppino as defendant in the amended complaint, Plaintiff sought to amend the caption to reflect only Bui as defendant, which motion was presented as uncontested. Consistent with the uncontested motion, by order dated July 30, 2024, the court amended the caption to reflect Bui, not Luppino, as defendant. However, because the amended complaint named a defendant that was inconsistent with the confession documents and failed to attach any documents to support a confession, the court initially granted the [Second] Petition . . . .

Plaintiff's counsel sought reconsideration of that order and at argument explained that the unique procedural background surrounding the amendment was the result of consent of counsel when before Judge Klein. Further, Plaintiff's counsel maintained that the confessed judgment initially entered against Bui did not present a facial defect warranting striking of the judgment. The [Honorable Mary C. McGinley, who thereafter presided over the matter,] gleaned that one of Bui's primary argument[s] surrounding a defect sufficient to strike the judgment was the failure to effectuate original process by the sheriff, which is not required in a confession of judgment action. Bui's counsel also advanced the argument that the amount of the confessed judgment must be capped pursuant to the language of the confession, a position that the [court] also rejected . . . . After argument, the [court] entered an order dated September 18, 2024[,] vacating its [prior order granting the petition] but issuing a rule to show cause why the judgment should not be opened. The September 18, 2024 order allowed a period of discovery on the petition to open and re-scheduled argument . . . . Upon further review of the matter, the [court] realized that exhibits may have been omitted from the complaint and its amendments and granted Plaintiff leave to file a second amended complaint with

reference to the exhibits. The court also scheduled a hearing, rather than argument, to assess whether the amount confessed was authorized by the warrant of attorney and the reasonableness of attorneys['] fees confessed.

[On] June 26, 2025, the court entered an order denying the request to open the judgment but molding/reducing it from $197,808.89 (plus interest at 2% per month, costs and additional attorneys' fees) to $127,580.43 (with no prejudgment interest).

Trial Court Opinion, 9/8/25, at 1-4 (footnotes and citations omitted, some capitalization altered).

This timely appeal followed. Both Bui and the trial court have complied with the mandates of Pa.R.A.P. 1925. In this Court, Bui presents two questions: (1) "Should the original judgment have been stricken by the trial court?" and (2) "Was there a lack of substantial evidence for the damages awarded?" Bui's brief at 4 (some capitalization altered).

We begin with Bui's allegation that the court should have stricken the judgment. Our standard of review in that regard is well-settled: "On appeal from the denial of a petition to strike an order or judgment, a trial court will be reversed only if there is a manifest abuse of discretion or error of law." *Atl. Nat. Tr., LLC v. Stivala Invs., Inc.*, 922 A.2d 919, 922 (Pa.Super. 2007) (cleaned up).

Bui presents a single paragraph as his argument for this issue. He alleges that the original confessed judgment was "against [Luppino,] which is a non-party." *Id*. at 6. Bui then cites *Perry Square Realty, Inc. v. Trame, Inc.*, 693 A.2d 1320 (Pa.Super. 1997), for the proposition that "confessing

- 4 -

judgment authority d[oes] not exist against non-signatory guarantors[.]"[1] Bui's brief at 7. At the outset, we note that Bui's reliance on **Perry** is misplaced. That case concerned a warrant of attorney in a lease that was signed by a tenant but not the guarantors, and therefore we held that the provision was not enforceable against the guarantors. **See Perry Square Realty, Inc.**, 693 A.2d at 1321-22. Contrarily, Bui, against whom judgment was ultimately confessed, both signed and initialed the personal guarantee and confession of judgment. **See** Complaint in Confession of Judgment, 8/21/20, at Exhibit A (Personal Guarantee, 9/8/15). Thus, **Perry** is inapt.

Ultimately, we discern that, though patently undeveloped, what Bui appears to be contesting is the court's decision to allow Plaintiff to amend the caption to confess judgment against Bui instead of striking it after Plaintiff mistakenly named Luppino in the first amended complaint. **See** Plaintiff's brief at 7. In that regard, we have held as follows:

> [A] motion to strike may not be granted if the defect is one that can be remedied by an amendment of the record or other action. Further, it is well-established that courts should not be astute in enforcing technicalities to defeat apparently meritorious claims; if defendant has any real or substantive defense to the confessed judgment the way lies open to it to present it. A court, therefore, must determine if an error is technical or prejudicial. It has always been held that formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of action is not changed, where ends of justice require the allowance of such amendment, and where the substantive rights of defendant will not be prejudiced thereby.

---

[1] Although Bui purported to cite this case, he included the incorrect reporter citation.

***Atl. Nat. Tr., LLC***, 922 A.2d at 923 (cleaned up).

Our review of the certified record bears out that all parties understood Bui was the individual responsible for the confessed judgment related to Luppino's lease. Briefly, Plaintiff initially named Bui in the action but replaced Bui with Luppino in drafting the amended complaint. Bui and Luppino averred, in the Second Petition that sought to open/strike the judgment, that the confessed judgment against Bui should be limited to $12,000, or, if Plaintiff intended to only seek judgment against Luppino, then Bui's judgment should be stricken. ***See*** Second Petition, 7/12/24, ¶ 12 (some capitalization altered). They also contended that the judgment against Bui was "legally deficient for reasons of service, incorrect application of the confession of judgment clause, his removal as a defendant on the amended complaint in confession of judgment, among other reasons." ***Id***. Bui did not, however, argue that the caption could not be further amended to fix the named defendant, or that the original judgment against Bui must be stricken because of that error.

Moreover, Bui did not oppose Plaintiff's responsive and uncontested motion to amend the caption of the complaint to rename Bui as defendant instead of the entity Bui had done business as, *i.e.*, Luppino. ***See*** Uncontested Motion to Amend the Caption, 7/30/24. The court granted the motion and allowed Plaintiff to amend the caption to rename Bui. Thereafter, in his brief in support of opening the confessed judgment filed after the caption change, Bui challenged only the amount of the confession, bad faith on the part of Plaintiff, and improper service. ***See*** Bui's Brief in Support, 1/31/25, at 2-4

(pagination supplied). He did not seek to strike the judgment based upon the allegedly improper amendment to restore Bui as the proper defendant. Accordingly, we find this issue waived. **See** Pa.R.Civ.P. 2959(c) ("A party waives all defenses and objections which are not included in the petition or answer."). Even if not waived, amendment to fix the named defendant was plainly the proper remedy here. **See Atl. Nat. Tr., LLC**, 922 A.2d at 923. Thus, Bui is not entitled to relief based upon the court's refusal to strike the judgment.

Next, Bui argues that the judgment should have been opened to limit the award to three months' rent according to the language of the personal guarantee, and the court erred insofar as it imposed damages beyond that sum. **See** Bui's brief at 7. He also assails the portion of the judgment related to repairs and damages because he claims there was insufficient evidence of the purported harm or the efforts expended in conducting repairs. **Id**. at 7-9. Bui's argument is two-fold: (1) the language of the contract limited the types of damages the court could award, and (2) in the alternative, if additional damages were permissible, Plaintiff failed to adduce sufficient evidence in support of the damages to the premises.

We first set forth the relevant legal principles:

We review the order denying [a] petition to open the confessed judgment for an abuse of discretion.

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in

resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

The trial court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, **and** (3) can produce sufficient evidence to require submission of the case to a jury.

. . . .

. . . A judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations. The trial court can make this decision as a matter of law when the defense presented is without adequate substance, because contract construction and interpretation is generally a question of law for the court to decide.

*Neducsin v. Caplan*, 121 A.3d 498, 506-07 (Pa.Super. 2015) (cleaned up, emphasis in original).

As Bui also asks us to consider the language of the parties' contract, we keep the following in mind:

A contract's language is unambiguous if it can be determined without any other guide than knowledge of the simple facts on which its meaning depends. When the contract is clear and unambiguous, the meaning of the contract is ascertained from the writing alone. A court must not distort the meaning of the language or resort to a strained contrivance to find an ambiguity. Additionally, a mere disagreement between the parties regarding the proper construction of the language does not render the contract ambiguous. In the context of a petition to open a confessed judgment, the function of our Court is not to weigh the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury.

> Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court. The legal effect or enforceability of a contract provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard. Likewise, if the matter under review involves the interpretation of the Pennsylvania Rules of Civil Procedure, we have before us a question of law, where our standard of review is *de novo* and our scope of review is plenary.

*Id*. at 507 (cleaned up).

By way of further background, Bui claimed in his petition to open and brief in support that, pursuant to the personal guarantee, Plaintiff was only entitled to $12,000, or three months of rent. *See e.g.*, Bui's Brief in Support, 1/31/25, at 2 (pagination supplied). He also challenged the purported costs to make the unit rentable following Luppino's departure. *See* Petition to Open/Strike Confession of Judgment, 7/12/24, at ¶ 13. On May 27, 2025, the court conducted a hearing to ascertain the amount supported by the warrant of attorney, during which Plaintiff and Bui testified.

Plaintiff attested to Luppino's perpetually late rent payments and detailed the destruction of certain common areas and the need to remedy the condition of the rental space. Although lacking receipts, he explained that he was able to estimate what he paid for repairs to the premises because he has been a contractor and rental property owner for a long time. The remedial work included, among other things, using eight truckloads to dispose of the miscellaneous trash and broken items left on the premises, replacing ninety percent of the suspended ceiling, repairing the drywall, façade, and some storefront glass, and removing dog excrement stains and odors from the

carpets, which required replacing some of the plywood underlayment and resealing some of the concrete underneath. *See* N.T., 5/27/25, at 11-18. Plaintiff further outlined the costs and legal fees associated with confessing judgment against Bui. *Id*. at 20-21. Finally, he testified that the original documentation, including photographs of the damage and paperwork for the repair costs, had been lost in the file of prior counsel who passed away. *Id*. at 13-14, 30-31. Bui countered that the storefront was in good condition when Luppino vacated, though he also lacked photographic evidence given the passage of time. *Id*. at 64-67. He also claimed that Plaintiff's wife had explained when he executed the lease that the personal guarantee was limited to three months of rent. *Id*. at 71-72.

After taking the matter under advisement, the court determined that Bui had not established that the judgment should be opened but nonetheless molded the judgment amount "for reasonableness[.]" *See* Order of Court Molding Judgment, 6/26/25. Specifically, the molded award provided for: $31,130.45 for unpaid rent, late fees, and charges through June 26, 2019, when Luppino filed for bankruptcy; $21,473.99 for unpaid rent, late fees, and miscellaneous charges between June 27, 2019 and January 31, 2020, when Luppino vacated; $14,586.09 for three months of rent; $44,877.50 for repairs and damage; $15,050.00 in attorneys' fees; and $462.40 in costs.

In its Rule 1925(a) opinion, trial court addressed Bui's contentions regarding the appropriate judgment amount in this manner:

Under the plain language of the confession, [Bui] confessed judgment in favor of the landlord "for the sums, **including** additional rent, and accelerated rent and for the sum due by reason of **any breach of covenant or condition broken by Tenant**." This language also appears in the lease provisions at Section 26. The lease also delineated numerous "Tenant Responsibilities," including returning the premises in good condition at the expiration of the lease term.

To accept [Bui]'s interpretation that the confession caps damages to three months' rent, the court would have to insert the words, "future" and "rent" where they do not exist. The language of the confession and the lease upon which [Bui] relies does not state that the most that [Plaintiff] is entitled to as damages shall not exceed rent within a three[-]month period. Nor does it state that damages are limited to those accruing in the future. Instead, the language provides that damages under the confession "shall not exceed the amount that is due the Landlord within a three[-]month period commencing on the date that the Tenant returns the leased premises to Landlord." Under the plain language of this provision, damages provided for under the confession are calculated as any damages (not limited to rent) due as of the date that the tenant turns over the premises to landlord plus those extending through a three[-]month period thereafter. This interpretation is not only consistent with the plain language but mitigates future rent so that rent would not continue to accrue indefinitely if the tenant vacated before the end of a lease term as occurred in this case.

Trial Court Opinion, 9/8/25, at 6-7 (cleaned up, emphases in original).

We reach the same conclusion as the trial court. The contract in no way limited the amount of damages available to Plaintiff to three months of rent, but rather to the amount owed at the time the tenant vacates, which would include past due rent and late fees, as well as any repair costs if the tenant breaches the condition to return the premises in good condition, in addition to the ensuing three months of rent. Certainly, had rent been paid timely and the premises returned unscathed, then Plaintiff may have only been limited to

three months' rent plus attorneys' fees, but that was not the situation in which these parties found themselves. As Plaintiff was entitled to these additional damages, we discern no abuse of discretion in the court's decision to deny Bui's petition to open judgment as he presented no countervailing evidence that the premises was not damaged beyond his own self-serving testimony, which the trial court did not find credible. Plaintiff's testimony was plainly sufficient to sustain those calculations.

Based on the foregoing, we affirm the order molding the confessed judgment award.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/10/2026